STEPHEN W. ISLER vs. WILLIAM FOY and F. B. HARRISON.

1. Whatever may have been the rule under the former practice, under the provisions of the C. C. P., a landlord let in to defend in a civil action for the recovery of land, is not restricted to the defences to which his tenant is confined, nor is this principle varied by the circumstance that the plaihtiff is the purchaser at execution sale against such tenant, and that the latter was in possession at the date of the sale and of the commencement of the action.

2. The practice on this subject discussed and explained by Rodman, J.

3f It is well settled that retention of possession by the maker of a deed, forging the name of a witness to a deed and the like, do not *per se* render a deed fraudulent, but are circumstances to be weighed and considered by the jury.

4. Between 1860 and 1868 there was no period when a deed made in 1860 could not have been registered.

5. In actions to recover real estate brought against a defendant in an execution by a purchaser at a sheriff's sale of such property as the property of the defendant, in which a party claiming to be the landlord of such defendant, is permitted to defend, the plaintiff is entitled to judgment against execution defendant, but cannot be permitted to take out a writ of possession if he fails to recover as against the other defendant.

The cases of *Belfour* v. *Davis*, 4 D. & B. 300. *Howell* v. *Elliott*, 1 Dev. 76. *Leadman* v. *Harris*, 3 Dev. 144. *Sturdivant* v. *Davis*, 9 Ired. 365. *Hardy* v. *Simpson*, 13 Ired. 132. *Scales* v. *Fewell*, 3 Hawks 18, and *Hill* v. *Jackson*, 9 Ired. 333, cited and approved.

This was a civil action brought to recover possession of a tract of land, tried before His Honor Judge Clarke, at the Spring Term 1871, of Jones Superior Court.

Both the plaintiff and defendant Foy claimed under the defendant Harrison who disclaimed; plaintiff under a sheriff's deed executed in pursuance of a sale under execution of the land as the property of Harrison on the 6th day of September, 1869. The defendant Foy claimed by virtue of a deed executed to him by Harrison in December, 1860, and registered until 1868; it was in evidence in behalf of the plaintiff, that the name of the subscribing witness to the deed was a forgery, and also that Harrison had remained in possession from the date of the deed to Foy until the commencement of this action.

The statement of the case does not distinctly show it, but it is assumed in the opinion, that Harrison remained in possession after his deed to Foy, agreeing to pay rent to Foy. The case does not state that any special instructions on the question of fraud were asked by plaintiff, but it is so assumed in the opinion, and it is to be understood was conceded on the argument in this Court.

The statement is that the plaintiff alleges that the deed is fraudulent, and that His Honor after recapitulating the testimony instructed the jury, that many circumstances enumerated and amongst others remaining in possession after conveyance, non-registration of deed and failure to pay rent to Foy, are badges of fraud, and His Honor left the question of fact for the jury. No exception is noted in the record.

The case states that the plaintiff "objects to the deed that it was not registered in due time," but the record does not show how His Honor disposed of the question.

The point of estoppel no where appears in the record, and it is presumed was made in this, *ore tenus*, without objection. The record is much confused, consisting of the record proper. Judge's charge with some sprinkling of a case, stated with a small charge interjected.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

*Shipp* for the plaintiff.
*No Counsel* for the defendant.

RODMAN, J. The plaintiff excepts that the Judge below erroneously declined to give several instructions which be was requested to give.

1. That as Harrison was the defendant in the execution under which the plaintiff purchased, and was in possession at the sale; and at the commencement of this action, he could set up no defence against the plaintiff, except the invalidity of the execution, as to which there was no pretence. And also that Foy being the landlord of Harrison could make no defence that he could not.

It is conceded that if Harrison had been the only defendant, the plaintiff would have been entitled to the instruction prayed for as to him. The plaintiff acquired by his purchase every estate and interest of Harrison in the land which are against him, was at least a right to the possession which he then held. So far the rule contended for is reasonable and supported by many authorities.

But it is not conceded that under our present practice, his landlord Foy, who was made a co-defendant, was bound in like manner. Such was the rule in some cases in the former action of ejectment. But the purpose however for which the landlord was allowed to come in, viz: that a trial might be had on the title, and to prevent a recovery by a colission between the plaintiff and the tenant, was never lost sight of or sacrificed. Probably the rule only applied when the tenant had an unexpired term, in which case it would be perfectly just, as if the plaintiff recovered possession he would hold it as the tenant did under an acknowledgement of the superior title of the landlord, or where the tenant had got possession

as tenant of the plaintiff. *Belfour* v. *Davis*, 4 *D. & B.* 300, *Knight* v. *Smythe*, 4 *M. & S.* 34, and in like cases. But whatever may have been the extent of the rule formerly, we think that to apply it, except in the cases above supposed, or at least in a case like this, would be inconsistent with sec. 61, C. C. P., which requires or permits all persons claiming title or right of possession to real estate, to be made parties plaintiff or defendant as the case may require.

Why permit a person claiming title to be made defendant, unless that he may plead separately and avail himself of every defect in the plaintiff's title? And a landlord must be permitted to do this as fully as any other person. It would be unjust to hold him bound by any estoppels created by his tenant, whether in form *in invitum*, as by judgment and execution, or willingly, as by a deed of conveyance of the land, or by evidence of the acts or declarations of the tenant in derogation of his title.

In actions for the recovery of real property, possession is an important element of the right, and it would be unjust to a landlord, whose title the tenant is estopped to deny, to allow any act of the tenant to have the effect of transferring the possession to any person who would not be estopped in like manner with the tenant. Where the tenant had an estate as a term for years, which passed to the purchaser under execution and was unexpired at the trial, the title of the land-lord to the reversion would be no bar to the plaintiff's recovery, and in such case the purchaser taking possession of the tenant's term, would succeed only to the tenant's rights as between him and his landlord. But when the tenant has no estate but a barely permissive possession at the time of action brought, there sems to be no reason for allowing a recovery to have the effect of changing such possession to the injury of the landlord by virtue of any estoppel against the tenant, whether honest or collusive, because in such a case the possession would be in substance that of the landlord, and not that of the tenant who

would be more properly described as the servant or agent of the landlord than as his tenant. We think the Judge was right in refusing the instruction prayed for.

2. That the possession of Harrison for so long a time after his deed to Foy without any actual payment of rent; and the fact that the name of the subscribing witness to the deed was forged, were not merely evidence of fraud to be left to the jury but were fraudulent *per se,* and to be so pronounced by the Court. As to the forgery of the name of the witness : that is denied and has not been found by the jury, and we are not at liberty to have it proved. The Judge left the undisputed fact of possession as well as the evidence respecting the forgery fairly to the jury, as evidence upon which if believed they might find the deed fraudulent. We think in this he is supported by the authorities, *Howell* v. *Elliot,* 1 Dev. 76 ; *Leadman* v. *Harris,* 3 Dev. 144 ; *Sturdivant* v. *Davis,* 9 Ired., 365 ; *Hardy* v. *Simpson,* 13 Ired., 132.

3. That the registration of the deed from Harrison to Foy which was in 1860, and not registered until 1868, did not relate back to its date, so as to pass the title against the plaintiff.

We find it decided that by virtue of the various acts which have been uniformly passed once in every two years extending the time for the registration of deeds, a registration at any time, relates back to the delivery of the deed, and makes it valid from that time ; unless between its delivery and registration some period occurred during which it could not be registered, and during which a lien was acquired available to a purchaser udder execution. *Scales* v. *Fewell,* 3 Hawks 18. *Hill* v. *Jackson,* 9 Ired. 333.

No period occurred from the date of this deed to its registration, when its registration was not lawful. Hence its registration in 1868 related back to its delivery in 1860, and gave it effect from that time. [Acts 1860–'61, ch. 31 ; Act ratified December, 1862 ; Act ratified 28th November, 1864 ; Act of 1866, ch. 55, p. 20, ratified 7th February, 1866.]

The Judge properly refused the instruction.

The plaintiff is entitled to judgment against Harrison, which he can have in this Court, but not to a writ of possession.

Otherwise there is no error.

Plaintiff will recover costs against Harrison, and Foy will recover costs of plaintiff in this Court.

