RICHARD TEN BROECK *v.* WILLIAM H. ORCHARD.

In an action for the recovery of land under the Code of Civil Procedure, the defendant may set up an equitable defence to the claim of the plaintiff who has the legal title; and all persons interested in such equitable defence, should be made parties, and not driven to assert their rights by a separate action.

CIVIL ACTION in the nature of ejectment, tried before his Honor, Judge *Schenck*, at Fall Term, 1875, of CABARRUS Superior Court.

The plaintiff moved the court to strike out a portion of the defendant's answer, setting up a counter-claim as a bondholder of the Phœnix Gold Mining Company.

The motion was allowed and the defendant excepted. The defendant then moved the court to make all the other bond-holders parties. The motion was overruled and the defendant appealed.

All other facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

*Shipp & Bailey* and *Montgomery*, for appellant.
*Burringer* and *Wilson & Son*, contra.

RODMAN J. The plaintiff claims title to certain mineral lands, and that the defendant is in possession, and unlawfully withholds it from the plaintiff after a demand. Defendant admits that plaintiff has the legal title, and that he went into possession under plaintiff as his agent or tenant. On this answer, the plaintiff would be entitled to judgment in a court of law, and under our former system the defendant would have been driven to assert his equitable rights in a court of equity. Under our present system he can have the benefit of any equitable defence in the first action. The defendant alleges as an equitable defence, that a company called the Phœnix Gold Mine Company, owned the lands. The Company issued bonds to enable them to work the mines, and conveyed all its real estate to Jacobson in trust, to secure the bonds and other debts of the Company. That defendant became the holder for value of certain bonds of the Company and also otherwise its creditor. It is not distinctly stated that these debts were secured by the deed to Jacobson. Jacobson died, Stagg was appointed trustee in his place, and he sold to the plaintiff to hold, as we understand the answer, for all the creditors of the Company, but certainly in trust to secure the debts to the defendant. In part performance of this trust,

and under an agreement with the plaintiff which it is not material to state fully, the defendant took possession of the lands. The plaintiff denies the particular agreement alleged by the defendant, and that the debts to defendant are secured upon the land, and does not claim to hold on any trust whatever.

Taking the defendant's answer as true for the present, no doubt a trustee, in trust to sell and pay creditors, is entitled to the possession of the property against any or all of the creditors, and to its management and the receipt of the rents and profits ; because they are necessary to carry out the purposes of the trust, and the creditors have no equitable estate in the land, but only a right to the proceeds. That is the case when he admits the trust and seeks the aid of the court in executing it. The case, however, is different when he denies the trust and claims the equitable as well as the legal estate for himself. In that case the mere possession of the legal estate will not be conclusive. The action will be considered as between rival claimants to the equitable estate, and the defendant in possession will not in general be ejected, (although he be but one of several equitable claimants,) until the rights of the parties can be determined. This is in analogy to the proceedings in the action of ejectment at law. It is true that defendant does not claim any equitable title to the land in himself, but he denies any title to the plaintiff except upon a trust which the plaintiff denies. In such case, " *melior est conditio possidentis*." If a case exists for the appointment of a receiver, such as is provided for in sec. 215 of C. C. P., the court in which the action is pending may appoint one.

To refuse to the defendant the benefit of his equity in this action, and thereupon adjudge the possession to the plaintiff upon his legal title only, would compel the defendant to assert his equity by a separate action, and would be an unnecessary circuity.

If the defendant can assert his equity in this action, it is

clear that the other secured creditors are at least proper par-
ties in order that there may be a complete adjustment of the
matters in controversy, and that they may have an opportunity
to protect their interests.   To this end the case will be re-
manded.

Properly, by analogy to a plea in abatement for want of
parties which must give the plaintiff a better writ, the de-
fendant should have named the creditors whom he desired to
be made parties, or given such a description of them as to
have enabled the plaintiff to cause service of a summons on
them personally, or otherwise as required when the parties are
very numerous, or unknown, or non-resident.

If the Judge had refused the defendant's motion on this
ground, we should have been disposed to concur with him.
But in his absolute refusal we think he erred.

Let this opinion be certified.

PER CURIAM.        Judgment reversed.   Case remanded.