P. ROLLINS and others v. HAM ROLLINS and R. M. HENRY.

*Action to Recover Real Estate -- Parties -- Practice -- Appeal.*

1. When in an action for the recovery of real estate, both the plaintiff and a third party claim to be the landlord of the defendant, the latter has a right upon affidavit to be let in as a party defendant to the action.

2. In such case if a judgment by default is taken against the tenant, no writ of possession can issue until the determination of the controversy between the plaintiff and the interpleading defendant.

3. If such application to be made a party is denied, the applicant is a "party aggrieved" for all the purposes of an appeal, under § 299, C. C. P.

(*Wise* v. *Wheeler*, 6 Ire. 196 ; *Harkey* v. *Houston*, 65 N. C. 137, cited and approved.)

CIVIL ACTION to recover possession of Real Estate tried at Fall Term, 1875, of BUNCOMBE Superior Court, before *Henry, J.*

The plaintiffs alleged that they were the owners of certain real estate in the County of Buncombe, known as the "Sulphur Spring lands."

The opinion of this Court delivered by Mr. Justice Bynum contains the material facts in the case and proceedings in the Court below.

His Honor gave judgment against the defendants for want of a bond and answer and adjudged that the plaintiff recover possession of the lands described in the complaint. Defendant Henry appealed.

*Mr. J. H. Merrimon*, for plaintiffs.

*Messrs. J. G. Martin & Son* and *Battle & Mordecai*, for defendants.

ROLLINS *v.* ROLLINS.

BYNUM, J. An action brought by the plaintiffs to recover of the defendant the possession of real estate. At the return term the defendant answered denying the plaintiff's title; and a third party, to-wit, R. M. Henry, filed an affidavit alleging that he was the owner of the land and that the defendant Rollins was in possession and holding as his tenant; wherefore he demanded to be let in to defend as landlord this and four other actions brought by the same plaintiffs against other parties for the same lands under the same claim of title. The plaintiffs opposed the motion and read affidavits to show that the defendant was *their* tenant and as such was estopped to deny their title. Counter affidavits were read by Henry to establish the contrary. The Court upon all the affidavits proceeded to find the facts and to declare as a matter of law thereupon that the defendant was the tenant of the plaintiffs and could not be heard to deny their title; wherefore he denied the motion of Henry to be allowed to defend as landlord and gave judgment and awarded a writ of possession against the tenant. Henry appealed to this Court. There is error. The case is somewhat novel. Two parties claim adversely to each other to be the landlord of the same tenant of the same premises at the same time; and it may be, that the acts of the tenant have been such that he is estopped from denying the title of either; as by taking a lease from one, attorning and paying rent to the other. Now it is perfectly well settled that even at common law the *landlord* has the *right* to defend either with or instead of the tenant. But the question is, when *two* claim to be landlord, the plaintiff and a third party, has the latter the right to defend? The answer is this; where a person claims in *opposition* to the title of the tenant in possession, he cannot be considered as landlord; but the term "landlord" for the purposes of the action extends to every person whose title is connected to and consistent with

the possession of the occupier and is divested or disturbed by any claim adverse to such possession. Adams on Eject. 228–31. *Oxendon* v. *Lawrence*, W. Bl. 1259. So that now it is considered as settled that the word *landlord* is extended to all persons claiming title consistent with the possession of the occupier ; and that it is not necessary they should have previously exercised any act of ownership over the lands. All such persons have the right to defend as landlord and no other. The proper manner of asserting to the Court the right to appear and defend we think is by affidavit. It is for the purposes of the action, like an affidavit to continue or remove a cause ; if sufficient cause appear on its face, it is conclusive of the right to defend. *Wise* v. *Wheeler*, 6 Ire. 196. In this case just cited it was decided by the Court that the liberty of defending as landlord was not a question addressed to the discretion of the Court but was a right which could not be denied. We are clearly of opinion that this right of defence is not affected by section 61 of the Code of Civil Procedure, for the case of *Wise* v. *Wheeler*, was decided in the face of Rev. Code ch. 31, § § 46–8. If the allowance of the motion to defend, was not then discretionary with the Court, it cannot be so held now, under a system whose express purpose is to provide for the trial of all questions growing out of the action. Upon filing the affidavit, therefore, R. M. Henry should have been permitted to defend either with or without the tenant upon complying with the other statutory requirements. When the tenant failed to file the necessary bonds or to comply with all the rules preliminary to his right to answer, the law and practice were that the plaintiff was entitled to judgment by default against the tenant but no writ of possession could issue ; but there was a stay of execution until a verdict was had in his action against the claimant. Adams' Eject. 239. *Jackson* v. *Stiles*, 4 Johns. 493 ; *Harkey* v. *Houston*, 65. N. C.

137. R. M. Henry also moved the Court to consolidate the five several actions ; which motion was denied. When he is let in to defend as a party, the Court will on motion, as a matter of course, ordér to be consolidated into one, all actions for the same premises upon the same title. Not to do so would be gross oppression and against the entire spirit of our code. Even where several actions were instituted against the occupants of several premises but all depending upon the same title, Lord Kenyon ordered a stay of all the actions but one, to abide the event of that, saying it was a scandalous proceeding on the part of the claimant. 2 Selw. Prac 144. Adams Eject. 237. The point was taken in this Court that by C. C. P. § 298, no one but a *party* to the action can appeal, and that R. M. Henry not having been made a party had no right of appeal. That construction is too narrow and would work manifest injustice. Henry claimed a substantial right which involved a matter of law ; when that was denied him by a judicial determination he fell within the provisions of C. C. P. § 299, and was a party aggrieved for all the purposes of an appeal.

PER CURIAM.                              *Venire de novo.*