THOMAS Y. LYTLE and another v. JOHN D. BURGIN.

*Ejectment—Parties.*

In an action to recover land, a third party claiming to be joint owner with defendant, has the right on affidavit to be let in as a party defendant.

(*Colgrove* v. *Koonce*, 76 N. C., 363 ; *Rollins* v. *Rollins*, *Id.*, 264, cited and approved.)

MOTION heard at Fall Term, 1879, of McDOWELL Superior Court, before *Schenck, J.*

The plaintiffs, T. Y. Lytle and B. F. Bynum, brought this action to recover possession of land purchased at an execution sale on a judgment against the defendant who was in the sole possession claiming it as his own. No answer being filed to the complaint, the plaintiffs moved for judgment by default and for a writ of possession, and thereupon the counsel for L. E. Burgin filed an affidavit and moved to be made a party defendant, and have leave to file an answer. The plaintiffs filed counter-affidavits, and upon the hearing the court refused the motion of L. E. Burgin ; first, because the affidavits show that the defendant was in the sole possession of the land claiming it as his own and had been for years; and secondly, the motion is also refused, in the exercise of what the court believes to be its discretion. And from this ruling L. E. Burgin appealed.

*Mr. D. G. Fowle,* for plaintiffs.
*Mr. W. H. Malone,* for defendant.

DILLARD, J. It seems to us that in view of the claim of ownership in the subject matter of the action as set forth in the affidavit on the part of L. E. Burgin, and of the fact found by the judge and proved by the counter affidavits,

the said L. E. Burgin had the right to become a party to defend her interest in the land sued for, and it was error to refuse her motion.

Under our system, one of the prominent objects is to have all questions growing out of an action adjudged and finally determined therein, and in furtherance of this end, ample provision is made in sections 61 and 65 of the code for bringing before the court all persons who may be necessary to a complete settlement of the questions involved. By section 61, among other things, it is provided that in an action to recover the possession of real estate, the landlord and tenant thereof may be joined as defendants, and any person claiming title or right of possession to real estate may be made party plaintiff or defendant, as the case may require, to any such action ; and by section 65 it is enacted in the second paragraph, that in an action for the recovery of real or personal property, a person not a party, but having an interest in the subject thereof, may apply to the court to be made a party and on such application the court may order him to be brought in by the proper amendment.

These sections of the code have received a construction by this court, and by reference thereto it may be seen who may apply to become parties to an existing suit under the one section, and who under the other, and in what mode, and also what applications are to be passed on by the court as of right, and what are addressed to the discretion of the court.

In *Colgrove* v. *Koonce*, 76 N. C., 363, a third person applied to be admitted a party, claiming adversely to both plaintiff and defendant, and the court ruled that section 61 applies only when the " person applying is connected in interest with one or the other of the parties as co-tenant with the plaintiff or in privity with the defendant, or on claim of a common possession with them," and therefore the application did not come within that section, but the court held

that the application was within the second paragraph of section 65, and as such it was discretionary to allow or refuse the leave.

In *Rollins* v. *Rollins*, 76 N. C., 264, one Henry applied to become party, claiming to be landlord to the tenant in possession, and plaintiff opposed his admission claiming also to be landlord to the same tenant. The court in passing on the right of the applicant ruled that at common law every landlord had the right to be admitted to defend with or without the tenant, and that under the term "landlord" all persons had the right to come in as parties "whose title was connected or consistent with the possession of the occupier and is divested or disturbed by any claim adverse to such possession, and that it was not necessary they should have exercised previously any acts of ownership on the land." The court also held that the same right of admission existed in this state under the Revised Code, and is admissible still within section 61 of the code of civil procedure, and on the interest of the party being manifested by affidavit, the application was to be passed on as a question of right in law, and not to be granted or refused as a matter resting in the discretion of the judge.

These cases, in our view, are decisive of the case under consideration. Here by affidavit, which it is said in the case last cited, is like an affidavit to continue or remove a cause, it is made to appear that L. E. Burgin claims a title in the land in controversy not adversely to, but as joint owner with John D Burgin, the tenant in possession. This joint ownership with the defendant is not denied by plaintiffs, but by their affidavits they show merely that the applicant, L. E. Burgin, has not resided on the land for fifteen years, nor been known nor heard of as claiming any title or interest therein, but that during the said time the defendant, John D. Burgin, has lived on the land claiming it as his own and paying the taxes thereon. The title of the appli-

cant as joint owner not being denied, it is to be assumed for the purposes of the application to have once existed. Taking that to be so, the facts established in opposition of adverse possession in John D. Burgin for fifteen years under a claim of right and of non claim by L. E. Burgin, are not, in law, sufficient to perfect the title of John D. Burgin as against her, either by presumption of a deed or as tolling her right of entry.

We think therefore it was not discretionary with the court below to allow or refuse the admission of L. E. Burgin as a party, but that upon the claim of title as contained in her affidavit, and not denied by plaintiffs, she was entitled to be received to defend her interest in the land sued for and should have been allowed to become a party to the action.

The judgment of the court below denying the motion of said L. E. Burgin is reversed, and this will be certified that she may be allowed to become a party and set up her defence in the action if she shall so desire.

Error. Reversed.