JAMES D. FARMER and wife v. WILLIE DANIEL.

*Proceedings for Partition—Equitable Rights of Purchaser— Pleading—Feme Covert—Statute of Presumptions.*

1. Where the purchaser at a sale under decree in proceedings for partition of land (confirmed by the court) performs his part of the contract by paying the purchase money into court, he and his assignees have a

FARMER *v.* DANIEL.

complete equity to have title made; and under the code such equity can be set up against an action of ejectment brought by one of the tenants in common claiming a legal title to part of the land on account of the failure of the purchaser to obtain a deed.

2. In such case the equitable right of the defendant will prevent a recovery by the plaintiff although not specifically pleaded in the answer.

3. Also, such equitable right can be enforced against a claim of title by one of the tenants in common who was a minor at the time of the partition proceedings and who afterwards. when a *feme covert*, received her share of the proceeds of sale without a privy examination.

4. Also, the lapse of twenty years will not raise a presumption of the abandonment of such equity, the defendant and those under whom he claimed having been in continuous possession of the land.

(*Ex Parte Yates*, 6 Jones Eq , 306 ; *Edney* v. *Edney*, 80 N. C., 81; *Pritchard* v. *Askew*, *Id.*, 86 ; *Stith* v. *Lookabill*, 76 N. C., 465; *Ten Broeck* v. *Orchard*, 74 N. C., 409 ; *Turner* v. *Lowe*, 66 N. C., 413 ; *Bank* v. *Glenn*, 68 N. C., 35 ; *McRae* v. *Battle*, 69 N. C., 98, cited and approved.)

CIVIL ACTION to recover Possession of Land, tried at Fall Term, 1879, of WILSON Superior Court, before *Eure, J.*

*Case Agreed :* This action was brought on the first day of February, 1869, for the recovery of a lot in the town of Wilson, which is part of a tract of land formerly owned by one William Farmer and upon whose death descended to his heirs at law, situate at that time in the county of Edgecombe, but is now and was at the commencement of this action embraced in the county of Wilson (formed in part from Edgecombe). In 1837 the said heirs filed a petition for partition of said land, in the court of equity of Edgecombe, the feme plaintiff in this action being a plaintiff in that proceeding, and a minor represented by a guardian *ad litem ;* and before she arrived at the age of twenty-one, she married the plaintiff, James D. Farmer. Service of process was made upon the defendants, resident and non-resident, and in 1838 the prayer of the petitioners was granted and the land sold by the clerk and master in equity to one Arthur

D. Farmer, who paid the purchase money into court. The sale was confirmed in 1839 and an order for the distribution of the fund made, also for the execution of a deed to the purchaser. After which final decree the case was dropped from the docket and never afterwards brought forward until spring term, 1873, upon due notice given.

The defendant deduces his title to the lot in controversy from the said Arthur D. Farmer by a regular chain of conveyances. The share to which the feme plaintiff was entitled in said land was an undivided one one-hundred-and-eighth part. After her arrival at the age of twenty-one years but during her coverture, she received from the clerk and master her share of the proceeds of sale of said land, but without any privy examination. No deed executed by the master to said purchaser according to the order of the said court of equity can be found by the defendant.

The notice above referred to was served upon the plaintiffs at the instance of the defendant informing them that the defendant would apply to the superior court of Edgecombe at the spring term, 1873, for an order directing its clerk to execute a deed for the land sold as aforesaid, in lieu of the deed made by the former clerk and master, which has been lost. The clerk was thereupon ordered to execute the conveyance, and it was further adjudged that the effect of the decree should be to transfer to said Arthur D. Farmer or his assigns the title to said land. The cause coming on to be heard on the case agreed, the court gave judgment for the defendant and the plaintiffs appealed.

*Mr. George V. Strong*, for plaintiffs.
*Messrs Connor & Woodard*, for defendant.

DILLARD, J. This was an action to recover real property and after issue joined on the pleadings, the parties made a case agreed setting out all the facts and submitted the con-

clusions of law thereon to the judgment of the court. His Honor being of opinion that the plaintiffs on the facts agreed were not entitled to recover, adjudged that they take nothing by their suit, and that the defendant recover his costs, and from this judgment of the court below the appeal is taken.

The facts, to be gathered from the case agreed, material to the decision of the question presented for our consideration and determination, are these: On the death of William Farmer, the land sought to be recovered in this action descended to his surviving brothers and sisters, and the issue of such as were dead. And some of the heirs-at-law, among whom was the feme plaintiff, then an infant, filed their petition in the court of equity against the other heirs, praying a decree of sale and a partition of the proceeds among them according to their respective rights. Guardians *ad litem* were duly appointed by the court for the feme plaintiff and all others under twenty-one years of age, and after orderly constitution of the cause in court by the service of process on the home defendants and publication made as to non-residents, a decree of sale on a credit of six and twelve months was made in the cause.

At fall term, 1838, the master having reported a sale to Arthur D. Farmer, and the price fair, an order of confirmation of the sale and for collection was made, and afterwards, to-wit, in the year 1839, the master having reported the purchase money collected, an order of distribution and for title to the purchaser was regularly entered in the cause, and from and after that time the cause was dropped from the docket.

At spring term, 1873, of the superior court, pursuant to notice, the cause was brought forward and entered on the docket, and on motion, the judge finding the facts to be as above stated and the further fact that no deed had ever been executed by the clerk and master to the purchaser,

ordered the clerk of his court to execute a deed to Arthur D. Farmer or his assigns, with a declaration in the decree that the decree should have the effect to transfer the title to said Arthur D. Farmer, or in case he had assigned his interest, to his assignee, in the same plight and condition as though the conveyance ordered were made.

In the case agreed, it is stated that the present defendant connects himself by a chain of mesne conveyances with the purchaser at the clerk and master's sale, and in case His Honor should decide in favor of the plaintiffs, judgment is to be entered for one one-hundred-and-eighth part of the land described in the complaint, otherwise for the defendant with costs of suit.

We concur in the opinion and judgment of the court below, that the plaintiffs upon the facts presented are not entitled to recover. Upon the argument before us it is contended by plaintiffs that on the death of Wm. Farmer, the legal title to one one-hundred-and-eighth part of the land sold by the decree of the court of equity descended on the feme plaintiff, and no deed having been executed by the clerk and master to Arthur D. Farmer, the, purchaser, the legal estate is still in her, and has not been divested by the decree for title in the superior court in the year 1873, passed in the petition-cause, for the reason that the case stood abated, and there being no act of assembly authorizing it to be brought forward at that time, the decree for title was *coram non judice* and therefore inoperative to pass the title. The defendant contends that the deed executed under the decree of the superior court in 1873 or the decree of itself availed in law to pass the estate to him, or if not, then that he claiming under Arthur D. Farmer, the original purchaser, has a complete equity to have the title, and that in any aspect of the case he is entitled to defeat the plaintiffs' present action and be left in the possession.

Upon this contention of the parties it is not necessary to

the decision of this case, that we should consider or express an opinion on the question made, as to the due constitution of the original suit on the docket of the superior court in 1873, and the efficacy of the decree therein made for title, being of opinion that the perfect equity of Arthur D. Farmer to have the legal title, which is agreed to have come to the defendant by a regular chain of mesne conveyance, is sufficient to defeat the plaintiffs' action.

The plaintiffs are not entitled to recover the possession of of the whole, nor indeed the undivided share of the feme plaintiff, if the proceedings for sale and partition in the court of equity had the legal effect to pass the legal estate to the purchaser or his assignee, or only the effect to pass a clear equitable right to have a deed. The confirmation of the report of sale to Arthur D. Farmer was an acceptance of him as a purchaser, and in legal effect the bargain was thereby struck, and gave to the heirs-at-law of William Farmer, and to the purchaser or his assignee, the reciprocal right to have a specific performance of the contract against each other. *Ex parte Yates,* 6 Jones Eq., 306; *Edney,* v. *Edney,* 80 N. C., 81; *Pritchard* v. *Askew, Ibid,* 86; Rorer on Judl. Sales.

In this case it appears as a fact in the case agreed that the purchaser specifically performed the contract on his part by paying into the office of the clerk and master the purchase money, and thereupon the right arose to have performance on the part of the heirs acting through the agency of the court. And the court of equity, on report of full payment by the master, in recognition of this right, ordered that the title of the heirs be conveyed by the master to the purchaser. In this state of things even if the decree of the superior court in 1873 for the execution of title was ineffectual to pass the legal title of the feme plaintiff as insisted on by them, still the defendant assignee of the original purchaser

succeeded to his complete equity to have title and may yet have the conveyance made to him. See the cases cited.

Seeing that the defendant by assignment from the original purchaser has such a perfect equitable right to have a deed passing the title, if he has not already one, it remains to inquire whether such an equity can be set up so as to defeat the action of the plaintiffs. Formerly if no title had passed to the purchaser by an actual deed or by the operation of the decree *per se* under the act of assembly in such case made and provided, the plaintiffs would have been entitled in a court of law to recover, and the defendant would have been forced to go into a court of equity by an independent suit or by motion in the original cause and have the recovery enjoined. But now under our new system of courts such circuity is avoided and the defendant is entitled to set up his equitable title in defence of the plaintiffs' legal title which they claim to have, and in the superior court the defendant is entitled to the same relief as formerly he was compelled to seek in the courts of equity. This right of defendant to set up his equitable right, and the sufficiency thereof to defeat the legal title of the plaintiffs, if such they have, is adjudged and established by several decisions of this court, to some of which we will refer.

In the case of *Stith* v. *Lookabill*, 76 N. C., 465, the plaintiff, Stith, claimed as purchaser under an execution against one Camman holding in trust for certain persons, and the defendant defended as tenant to one Sturges who was the owner by assignment of the equitable interests of the *cestuis que trust*, and the court held that although the sheriff's deed passed the legal title to Stith, he was not entitled to recover against the owner of the equitable estate in possession. In *Ten Broeck* v. *Orchard*, 74 N. C., 409, it was held that in an action to recover land on the legal title, the defendant might set up an equitable claim in defence of the action.

And to the same effect are the cases of *Turner* v. *Lowe*, 66 N. C., 413, and *Bank* v. *Glenn*, 68 N. C., 35.

It is urged by plaintiffs that however sufficient in general the right in equity to have the legal title may be, to bar the action of the holder of the legal title, yet such an assertion of equitable defence cannot avail the defendant in this case for several reasons : 1. Because such equitable right is not set up in the answer. 2. Because the sum of money admitted in the case agreed to have been paid to the feme plaintiff was paid without her privy examination, and by reason thereof no equity could arise against her. 3. Because the equity of defendant to have a title was presumed abandoned, released, or satisfied either under the common law upon a lapse of twenty years, or under the shorter period under our statute of presumptions.

Neither of these objections to the sufficiency of the equitable title as a defence against the plaintiffs' recovery is in our opinion tenable.

As to the first objection : The plaintiffs in their complaint put their case on the averment of a right of possession in themselves and the defendant denies a right of possession in the plaintiffs and avers a right of possession in himself, and upon the issue thus made, the parties treated the issue as embracing an equitable defence. Accordingly in the case agreed, they set forth facts constituting such defence and leave the legal inference therefrom to be made by the court. In such case we will treat the defence set up in the case agreed as authorized by and within the scope of the pleadings just as the parties considered it. *McRae* v. *Battle*, 69 N. C., 98.

As to the second objection : The equity of Arthur D. Farmer, under whom the defendant claims to have a deed, vested on the confirmation of the sale and the payment of the purchase money into the office of the clerk and master, and it is not perceived how that equity could be affected by

the payment to the feme plaintiff of her share without privy examination. That was a matter between the plaintiff and the clerk and master, and in no manner concerned the purchaser or his assignee.

As to the third objection : The defendant has now and had at the institution of the action, the possession of the land, and it is to be taken, nothing being shown to the contrary, that defendant and those under whom he claims, including Arthur D. Farmer, have had a continuous possession consistent with the equitable title ever since it arose by the order of confirmation and payment of the money into office. Under these circumstances no presumption of abandonment, satisfaction or release of the equity can arise against the purchaser or his assigns. No presumption of abandonment or release can arise from lapse of time against parties who all the time stand upon their equitable title, and possess and use the property as their own. It is impossible that the equity to call for the title which became complete on paying the money into office, could have been weakened and extinguished by a possession on a claim of ownership by defendant and those under whom he claims for a period of twenty years or any other lapse of time.

The equity of defendant, if affected at all, is rather strengthened than destroyed by such long possession consistent therewith.

No error.                                   Affirmed.