A. J. MADDREY v. T. H. LONG and others.

*Ejectment—Landlord and Tenant—Defences.*

Under sections 61–65 of the Code of Civil Procedure, a landlord let in to defend an action of ejectment, is not restricted to the defences to which his tenant is confined—approving *Isler* v. *Foy,* 66 N. C., 547.

.(*Wiggins* v. *Reddick,* 11 Ired., 380; *Belfour* v. *Davis,* 4 Dev. & Bat., 300; *Lee* v. *Flannagan,* 7 Ired., 471; *Isler* v. *Foy,* 66 N. C., 547; *Whissenhunt* v. *Jones,* 78 N. C., 361; *Wise* v. *Wheeler,* 6 Ired., 196, cited and approved.)

CIVIL ACTION to recover land tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

On the trial the plaintiff tendered the following issues:

1. Is the plaintiff entitled to the possession of the land described in the complaint?

2. What damage has the plaintiff sustained by the wrongful withholding of the possession of the land?

The defendants, Stephenson and Crocker, who were by consent let in to defend the action, tendered the following issues:

1. Are the defendants, J. T. Crocker and R. T. Stephenson, the owners in fee simple of the land described in the complaint?

2. Are the said defendants entitled to the possession of the said land?

In support of his title the plaintiff introduced the record of a judgment rendered at spring term, 1878, of the superior court for said county in favor of A. J. Maddrey against the defendant, Thomas H. Long, for $343.95—the bond on which the judgment was obtained having been executed in 1860.

The plaintiff then introduced an execution which was issued on said judgment on the 5th day of June, 1878, and

showed that under said execution the sheriff of Northampton county, on the 30th day of September, 1878, sold the *locus in quo* to the plaintiff and conveyed the same to him and his heirs by deed. All of which proceedings were held to be regular and in form. The plaintiff further proved that Long was in possession of the land and that the annual value thereof was $100, and then rested his case.

The defendants, Crocker and Stephenson, then offered to show—1. That on the first day of October, 1869, W. H Hughes, as executor of W. M. Crocker, recovered three judgments before a justice of the peace against the defendant, Thomas H. Long, for the sum, in the aggregate, of about eighty dollars, and that each of the judgments was regularly docketed on the 18th day of October, 1869. That on the 24th day of December, 1869, executions were issued on said judgments and went into the hands of the sheriff, who after due notice sold the said land on the 5th day of February, 1870, and that J. T. Crocker and R. T. Stephenson became the purchasers and received a deed from the sheriff for the same. And that since the said 5th day of February, 1870, the defendant Thomas H. Long has continued to live on said land, but there has been no agreement between him and said Crocker and Stephenson touching his continuing in possession of the same.

This evidence was objected to by the plaintiff, and the court being of the opinion that the defendants, Crocker and Stephenson, could not avail themselves of any defence which was not open to their co-defendant Thomas H. Long, ruled out all of said evidence, and Crocker and Stephenson excepted.

The verdict was given in behalf of the plaintiff; there was judgement accordingly, and the defendants appealed.

*Mr. S. J. Wright*, for plaintiff.
*Mr. R. B. Peebles*, for defendants.

ASHE, J. There is error. The principle upon which His Honor ruled out the evidence of the defendants (Crocker and Stephenson) has no application to this case. Under the former practice it was a well settled rule that when a landlord was let in to defend an action of ejectment, he stood in the place of the tenant, and could make no defence which the tenant could not have made. *Wiggins* v. *Riddick*, 11 Ired., 380; *Belfour* v. *Davis*, 4 Dev. & Bat., 300. But where a defendant is let in to defend such an action by *consent*, he is not restricted to the defence of the party in possession, upon whom the process was originally served, but any defence he can make is open to him. *Wise* v. *Wheeler*, 6 Ired., 196, and *Lee* v. *Flannagan*, 7 Ired., 471, in which case RUFFIN, C. J., said : " We had occasion to look into this question in *Wise* v. *Wheeler*, and held that when the tenant in possession makes default, and another is let in by consent to defend, upon admission of actual possession in that person, it must be understood, that it was the object of those parties to try the title between themselves at once without the delay or expense of a new suit." These cases were decisions under the old practice.

Since the adoption of the Code it has been held in the case of *Isler* v. *Foy*, 66 N. C., 547, that under the provisions of the Code, § § 61, 65, a landlord let in to defend in a civil action for the recovery of land, is not restricted to the defences to which his tenant is confined, nor is this principle varied by the circumstance that the plaintiff is the purchaser at execution sale against such tenant, and that the latter was in possession at the date of the sale and of the commencement of the action. There is no conflict between that case and *Whissenhunt* v. *Jones*, 78 N. C., 361. The main questions in that case turned upon the points of notice and damages—whether the want of notice to leave to the original defendants, who were tenants, could be taken advantage of by those who were allowed to come in and defend the action, and whether the

25

damages were to be assessed to the commencement of the action, or up to the trial.

There was error in the ruling of His Honor in rejecting the evidence offered by the defendants, and they are on that account entitled to a new trial.

This will therefore be certified to the court below to the end that a *venire de novo* may be awarded.

Error.                                                    *Venire de novo.*