BERRY BRYANT v. JOSEPH KINLAW and others.

*Parties in Ejectment—Landlord let in to defend possession of Tenant.*

1. In ejectment, where a tenant is defendant in the execution under which plaintiff bought, and had a legal estate in the land liable to sale by the sheriff, the plaintiff purchaser can recover possession, and no intervening party can come in and obstruct the action.

2. But if the tenant be a mere *locum tenens*, holding as servant or agent of the owner, then the owner may be let in as a party defendant, notwithstanding the sale of any supposed interest of the debtor tenant.

22

3. *Held further:* If a stranger to the tenant sue and there is no privity between them, the real owner may come in and assert his own superior title to protect the tenant's possession; and this, even where the tenant has an estate for years in the land.

4. In such cases, an application to be made a party defendant must disclose the character of the tenancy, and show whether the tenant had an estate liable to execution, even although the plaintiff alleges a seizin of an estate in fee in the defendant; for the sheriff's deed conveys no greater estate than that possessed by the debtor.

(*Isler* v. *Foy*, 66 N. C., 547; *Maddrey* v. *Long*, 86 N. C., 383; *Wade* v. *Saunders*, 70 N. C., 277; *Colgrove* v. *Koonce*, 76 N. C., 363; *Rollins* v. *Rollins*, *Ib.*, 264; *Cecil* v. *Smith*, 81 N. C., 285; *Lytle* v. *Burgin*, 82 N. C., 301; *Keathly* v. *Branch*, 84 N. C., 202, cited and commented on).

MOTION to be made a party defendant, in an action of ejectment, heard at Spring Term, 1883, of ROBESON Superior Court, before *MacRae, J.*

The motion was denied and the applicant appealed.

*Messrs. T. A. McNeill* and *Frank McNeill,* for plaintiff.
*Messrs. Rowland & McLean,* for appellant.

SMITH, C. J.   The plaintiff claims title to the land described in his complaint under an execution against the defendant, in pursuance of which the sheriff, on January 3, 1882, sold and conveyed the same to him, and in this action he demands possession and damages for withholding it.

The defendant denies these allegations or any knowledge or information sufficient to form a belief of their truth, and moreover avers that on May 14th, 1878, he sold and conveyed for a valuable consideration the premises claimed to one Flora Ann Kinlaw, now the wife of Owen Owens, "and since then he has been holding said lands as the tenant of Flora A. Owens."

At spring term, 1883, of the superior court, after due notice to the plaintiff, accompanied with an affidavit of the facts upon which the application rests, the said Owens and wife moved the court to be admitted to defend the action and assert the title of the said Flora to the land.

In support of the motion, her affidavit was introduced and read, wherein she states that the defendant, the former owner, before any lien was acquired by judgment against him under which the sheriff sold, conveyed the land to her in fee-simple for full value, and that his possession has since been as her tenant, and was such when the present suit begun.

No other evidence was adduced. The court refused the motion, and from this ruling the applicants appealed. The cause, however, proceeded to a verdict and final judgment against the defendants, with a stay of execution ordered until the disposal of the appeal.

The sole enquiry before us is as to the right of the appellants, upon the facts stated in the affidavit, to intervene and defend the action against the defendant in the protection of his occupying as tenant under the title vested in the said Flora by virtue of his deed.

There have been many cases before the court requiring a construction to be put on the act (C. C. P., §61) under which the appellants claim a right to intervene, and, independently or in association with the defendant in possession, contest the plaintiff's title to the land in controversy and assert their own.

To ascertain its application to the case made in the affidavit, it becomes necessary to review some of the adjudications.

In *Isler* v. *Foy*, 66 N. C., 547, the plaintiff derived his title under a sale made by the sheriff by virtue of an execution against the defendant Harrison, who had the year before conveyed the land to the defendant Foy, and had thereafter been in possession, as before, up to the bringing of the suit. He disclaimed title, and the other defendant proposed to set up in opposition to the plaintiff's recovery his own title under the deed. It was held that he was not confined to the defences open to the defendant in the execution, but could set up any others peculiar to himself, and avail himself of a defect in the plaintiff's title. Delivering the opinion of the court, RODMAN, J., uses this language:

" Where the tenant had an estate, as a term for years which passed to the purchaser under execution and was unexpired at the trial, the title of the landlord would be no bar to the plaintiff's recovery, and in such case the purchaser, taking possession of the tenant's term, would succeed only to the tenant's rights, as between him and his landlord. But where the tenant has no estate, but a barely permissive possession at the time of action brought, there seems to be no reason for allowing a recovery to have the effect of changing such possession to the injury of the landlord by virtue of any estoppel against the tenant, whether honest or collusive, because in such a case the possession would be in substance that of the landlord, and not that of the tenant, who would be more properly described as the servant or agent of the landlord than as his tenant."

In *Maddrey* v. *Long*, 86 N. C., 383, the same doctrine is reiterated that other parties let in by consent to defend with the tenant, whose estate the plaintiff had bought under execution, were not restricted by the estoppel resting upon him, and could assert their own title.

In *Wade* v. *Saunders*, 70 N. C., 277, the defendant in the execution, whose land had been sold by the sheriff to the plaintiff, was not permitted to show an outstanding superior title in his son to whom he conveyed, and in order to the admission of the evidence at the suggestion of the judge, the son was made a party.

Commenting on this ruling by which the deed was received in evidence, Pearson, C. J., says, in reference to section 61: "We are of opinion His Honor erred in supposing these words (one who claims an interest in the controversy) to mean any person who claims an interest in the thing which is the subject of controversy." And he adds: "As the action was on the part of the purchaser, at sheriff's sale against the defendant in the execution, to recover possession of the land, the construction of His Honor on section 61, that any outsider may be made a party defendant, and by force of his alleged claim of title, change the

controversy made by the action into another controversy in regard to the *bona fides* of a deed, is a latitude of construction for which we find no warrant in the books."

The manner in which the new defendant was brought into the case, to render competent evidence which the defendant sued. could not introduce, may have had some influence in conducting the court to the conclusion announced, and ignoring the difference in the practice in this respect under the former system and under the provision contained in the new, what had before been pointed out by RODMAN, J., in the case cited, which seems hardly reconcilable with this. But the Chief-Justice in declaring that the other clauses of the section are but corollaries of the first seems not to have considered with his usual carefulness the force of the concluding paragraph, " and any person claiming title or right of possession to real estate may be made party plaintiff or defendant, as the case may require, to any such action." Subsequently to this case, several others have given a wider scope to the enactment. See *Colgrove* v. *Koonce*, 76 N. C., 363.

1. Thus, where two parties, each claiming to be landlord of a tenant in possession, and one sues, the other has an interest in the controversy and may be admitted to defeat the action. *Rollins* v. *Rollins*, 76 N. C., 264.

2. Where the plaintiff bought at an execution sale the interest of the husband in land claimed by the wife and whereon both resided, she was held entitled to come in and defend her estate and their possession. *Cecil* v. *Smith*, 81 N. C., 285.

3. The plaintiff bought the interest of one tenant in common with another and sued to recover possession; and the co-tenant was declared to have a right to come in and defend the action. *Lytle* v. *Burgin*, 82 N. C., 301.

4. In *Keathly* v. *Branch*, 84 N. C., 202, the mortgagor was sued, and the purchaser of the land sold under the mortgage was allowed to come in and set up his own title. The principle is laid down in the opinion of the court, as governing such applications, in these words:

"It is very clear that a claimant of land in dispute between other parties to a suit, and not connected with or in that controversy, nor injuriously affected by its result, cannot be allowed to intervene and assert his own independent title. This would be in effect to make a double action and introduce new issues foreign to the original subject of controversy and not within the scope of either section 61 or 65 of C. C. P. But this is not the condition of the applicant in the present case. He has a direct relation to and interest in the retention of the possession by the mortgagor for himself, and in preventing the plaintiff's recovery; and this is *adverse to the plaintiff* and in harmony with the defence. *As the defendant holds permissively under the applicant,.* the latter is but protecting his own, while he protects the possession of the occupant."

The deduction from these rulings clearly is, that if the tenant,. the defendant in the execution, had any legal estate in the land liable to seizure and sale by the sheriff, the purchaser can sue and recover possession in order to its enjoyment, and no intervening party can come in and obstruct the action. But if the tenant were a mere *locum tenens,* holding for and as servant or agent for the owner, the latter may defend the possession and defeat the recovery, notwithstanding the sale has been made of any supposed interest of the debtor.

And so, if a stranger to the tenant sue and there is no privity between them, the real owner will be admitted to protect the tenant's possession by his own superior title; and this, even where the tenant has an interest of term for years in the property.

In the case before us, the appellant in her affidavit simply alleges that the defendant is her tenant, and has since the conveyance to her "been holding said lands as tenant of affiant." But the character of the tenancy is not disclosed, nor does it appear whether the defendant had or had not an estate or term which could be sold and the title thereto passed to the plaintiff who purchased.

It is true the plaintiff alleges a seizin of an estate in fee in.

the defendant when he bought, but the sheriff's deed could only convey such interest as the debtor possessed, and a recovery against him would in no way affect the rights of the appellants.

The case was allowed to proceed to a final judgment instead of being arrested to await the result of the appeal, as suggested in *Keathly* v. *Branch, supra,* but in this case no harm ensues, and the writ of possession was properly suspended until the decision of the appeal.

There is no error, and the judgment must be affirmed.

No error. Affirmed.