T. L. EMRY et al. v. J. H. PARKER et al.

*Parties—Appeal—Practice.*

Appeal from an order making parties cannot be allowed to other parties who do not show that some substantial right of their own is thereby affected.

(AVERY, J., dissenting.)

This was a MOTION to make parties heard by *Brown, J.*, at the May Term of HALIFAX Superior Court. The Court allowed the motion, and the defendants appealed. The facts are sufficiently stated in the opinion.

*Messrs. R. O. Burton* and *L. P. McGehee*, for plaintiffs.
*Messrs. T. N. Hill* and *W. H. Day*, for defendants.

SHEPHERD, C. J.: At the instance of the plaintiffs, a notice was issued to J. J. Daniel to show cause why he should not be made a party defendant, and said Daniel making no resistance, an order to that effect was made by his Honor. From this order the original defendants appealed, and the only question to be considered is whether the appeal can be entertained at this stage of the action.

An appeal cannot be taken from an order of the Superior Court which does not determine the action, and which does not deprive the appellant of any substantial right which he might lose if the order is not reviewed before final judgment. Under such circumstances, the party may have his exception entered of record, and, if necessary, may have it considered by the Supreme Court on appeal after the final judgment. *Clement* v. *Foster*, 99 N. C., 255; *Welch* v. *Kinsland*, 93 N. C., 281; *Hailey* v. *Gray, Ibid*, 195. Tested by the foregoing rule, it is entirely clear that the appeal was prematurely taken, as it is well settled by this Court, in the language of PEARSON,

C. J., that "a misjoinder of one who is not a necessary party is surplusage, * * * as to the unnecessary parties plaintiff, it is their own concern to be made liable to costs; as to the unnecessary parties made defendants, they are allowed to disclaim and have judgment for costs." *Green* v. *Green,* 69 N. C., 294; *Righton* v. *Pruden,* 73 N. C., 61; *Hargrove* v. *Hunt, Ibid,* 24. Daniel does not object to being joined as a defendant, and if he is an unnecessary party it is "surplusage," and if he is an "improper" party there is nothing whatever in the record which discloses that his joinder can in the least affect any substantial right of his co-defendants. Whether the making, or refusal to make, additional parties, may not in some cases affect a substantial right, and therefore become the subject of immediate appeal, are questions not presented in the record. These questions are discussed in previous decisions of this Court, and need not now be considered by us.

                                                    Dismissed.

AVERY, J., dissenting: It is insisted that the appeal in this case should be dismissed upon the ground that no order allowing or refusing a motion to make an additional party defendant effects a substantial right. In *Merrill* v. *Merrill,* 92 N. C., 660, MERRIMON, C. J., delivering the opinion of the Court, stated the principle applicable to this case very clearly and tersely when he said : " Who shall and who shall not be made additional parties are questions, in many cases, of serious moment, and we can see no reason why the decision of a question of law, arising in the exercise of the power to make them, shall not be reviewed like the decision of any other question of law affecting the merits in the progress of the action. There is nothing in the statute nor in the nature of the power that forbids it, and justice may require it." In *Keathly* v. *Branch,* 84 N. C, 204, SMITH, C. J., after noting the fact that the case of *Rollins* v. *Rollins,* 76 N. C., 264, had been re-affirmed in *Lytle* v. *Burgin,* 82 N. C., 301, quotes with

approval the rule of practice stated in the former case, and the reason given by the Court for its adoption. The rule is that in all controversies involving a question as to the title of land, every landlord has the right to defend, either with or without the tenant, and that under the term "landlord" all persons have a right to come in as parties "whose title was connected or consistent with that of the occupier, and is divested or disturbed by any claim adverse to such possession," even though such persons may never have previously exercised their right of dominion or ownership. It was also explicitly declared to be the duty of the Court to pass upon the application "as a question of right in law, upon the interest of the party being manifested by affidavit." It is settled, therefore, as firmly as precedent can effect a final determination of a question, that any person whose title to or interest in the thing in controversy is consistent with that of one of the parties litigant, and may be divested or disturbed by granting the judgment demanded in the complaint or a counterclaim, has such an interest in the action, that his affidavit setting forth his relation to the controversy is, if uncontradicted, to be treated, on motion to make him a party, as *prima facie* evidence of a substantial right in the applicant to become a party. *Rollins* v. *Rollins, supra; Lytle* v. *Burgin,* and *Keathly* v. *Branch, supra.* If the refusal of a Judge to grant the motion is a denial of a substantial right, it must follow inevitably that the granting of the same motion so "affects a substantial right claimed" as to entitle the party aggrieved to demand immediate review of the order, though it may be that he may, *at his election*, enter an exception to the ruling and await the final determination of the action before assigning it as error. The questions involved in this controversy, as distinguished from the thing (the goods) in dispute, is whether the deed of trust which purported to convey property that is the subject of the action, to J. H. Parker as trustee, was registered before that subse-

quently executed to J. J. Daniel as trustee, and if so, whether it was executed to hinder, delay or defraud creditors. If the deed to Daniel was registered before that previously executed, as to which the pleadings raised an issue of fact, or if the deed of trust to Parker should be declared fraudulent and void, then, in either event, Daniel would be declared, as trustee, the legal owner of the property in controversy, and if it is to be subjected to the payment of plaintiff's debt as demanded in the complaint, it would become the duty, as it would unquestionably be the right, of Daniel to make the sale and receive his commissions for such service. Daniel is therefore " a necessary party to the complete determination of the questions involved." *The Code,* § 184; *Wade* v. *Sanders,* 70 N. C., 277 ; *TenBroeck* v. *Orchard,* 74 N. C., 409 : *Hancock* v. *Wooten,* 107 N. C., 9. The notice to Daniel to show cause why he should not be made a party was an invitation to make himself a party plaintiff if he chose, or notice of a motion to make him a party defendant *in invitum.* It was therefore a substantial compliance with the requirement of the statute ( *The Code,* § 185) to serve such notice on him. *McCormac* v. *Wiggins,* 84 N. C , 278. Having pursued the course pointed out by the statute as to the manner of making the new party, the plaintiffs have the right to insist that the practice of the courts of equity must be adopted, and that in any action or proceeding involving the validity of the deed of trust executed to him as trustee, or the question of its priority as a lien over another mortgage deed, the *cestuis que trust* under the former deed have the right to demand that Daniel be made a party, or to insist that it is not competent for the Court to pass upon or try any question in the determination of which he had an interest, or where his presence is necessary in order to administer the remedy provided by law. *TenBroeck* v. *Orchard,* and *Hancock* v. *Wooten, supra.*

The right of Emry and wife and Hilliard, as *cestuis que trust,* to have a complete determination of the question whether the goods should be subjected to their debt, through the exercise of the power conferred in the deed of trust, by the trustee Daniel, is unquestionably a substantial right on their part, and the refusal of a motion to make him a party, supported by so much of the plaintiff's complaint used as an affidavit as is not denied in the answer, would unquestionably entitle the plaintiffs to an immediate hearing and review of the interlocutory ruling.   The motion involves the same question, however decided, and the granting of it must affect the interests of the defendants adversely, as the refusal would tend to do substantial injury to the plaintiffs.

The test is, first, whether Daniel is a necessary party to a complete determination of the questions whether the deed to Parker as trustee is fraudulent and void, and whether the deed executed to himself is fraudulent (both questions being raised by the pleadings), and second, whether the order making him, or refusing to make him a party, affects a substantial right of any party to the action.   It is not material if the demand for the presence of Daniel as a party "involves a matter of law which affects a substantial right claimed" by any party to the action, whether the Court grants the demand or refuses it.   The Courts cannot ignore the fact that while an appeal lies from any order which in effect determines or discontinues an action, or grants or refuses a new trial, the statute in terms provides for the immediate review of another class of "judicial orders and determinations."   If the question involved in this motion falls within that class, the Courts have no power to put a strained construction upon it in the vain effort to expedite the determination of the action. It is manifest that it is more expedient, indeed, to make haste slowly by bringing before the Court all parties who must be concluded, in order to have a complete and final determination of the controversy, than to plod through all of the weary

stages of a suit, like that at bar, to be informed, after the supposed conclusion of the trial below, that the work must all be done a second time, in order to estop Daniel from raising the questions involved, by instituting another action. The fact that no such inconvenience will probably arise from granting this particular motion makes it none the less a judicial order affecting a substantial right, it being immaterial, according to the terms of the statute, which party claims the right, or whether the decision is adverse or favorable to such claim. *The Code*, § 548.

The *argumentum ab inconvenienti* urged against the view we have presented is, that if the right of appeal from an order granting or refusing a motion to make additional parties is conceded, parties to actions will resort to such motions for the purpose of delay, and will prolong litigation so greatly as often to amount to a denial of justice. To this it would be sufficient to reply, *ita lex scripta.* The Legislature alone has power to provide a remedy for inconveniences growing out of the interpretation of statutes according to their obvious meaning. But it must be remembered that the Court below was not required to enter a record of an appeal, nor can this Court entertain the appeal unless the motion to make new parties was supported in the lower Court by an affidavit manifesting, so as to place beyond dispute, if true, the fact that the presence of the proposed new party is necessary to a complete determination of the action.

The prophecy of evil and inconvenience resulting from giving the natural meaning to the terms of the statute, and following former adjudications, is necessarily, therefore, founded upon the idea that parties, for the mere purpose of delay, will incur the danger of prosecution for perjury, to which they would subject themselves by misrepresentations that are wilful, or not founded on probable cause, of the relation to the action sustained by the proposed new party. *State* v. *Knox*, Phil., 312. If the *argumentum ab inconvenienti* has

weight in exceptional cases, as we admit, it certainly should have no force when founded upon the supposition of such wholesale dishonesty among litigants, as would 'make the willingness to commit perjury for the mere purpose of delay almost universal. When the Court requires not only an affidavit, but an affidavit making it palpable that the presence of the new party is essential to a final determination of the matter in controversy, there will be no danger of raising the floodgates too high in declaring the introduction of such an affidavit in support of the motion sufficient as *prima facie* evidence of a substantial right to give to either plaintiffs or defendants the privilege of appealing from an adverse ruling.

Where all of the necessary parties are before the Court, and one Judge tries some of the issues and continues as to other material issues, which are subsequently tried by another Judge, it is not conceivable how it can affect a substantial right to postpone the review of rulings in this Court till two *nisi prius* Judges have accomplished what is usually done by one, preliminary to an appeal. *Hilliard* v. *Oram,* 106 N. C., 467; *Hicks* v. *Gooch,* 93 N. C., 112. No substantial right can be affected by .postponing a review of the rulings of the trial Judge, on the admission of evidence or instruction to a jury, until an account, which it is necessary to take before the rendition of judgment, shall have been passed upon by another Judge. Every right of the parties in all such cases can be fully protected by entering the proper exceptions as the ground for assignment of error on the final hearing. *Blackwell* v. *McCaine,* 105 N. C., 460.

The case of *Lane* v. *Richardson,* 101 N. C., 182, is relied upon as supporting the contention that the appeal should be dismissed, and the question whether Daniel should be made a party reserved on exception until there is a trial and judgment upon the issues. It will appear from a critical examination of that case, that it was not the purpose of the Court to overrule *Merrill* v. *Merrill, supra, Lytle* v. *Burgin,*

*supra,* and *Rollins* v. *Rollins, supra,* and it is so explicitly stated. Chief Justice SMITH evidently intended to distinguish the two cases in that the appeal in *Lane* v. *Richardson, supra,* was not simply from an order making a new party, but from a refusal to strike out a portion of the answer filed by a party who had previously been allowed without objection to be made a defendant. To give it any other construction would be to overrule *Merrill* v. *Merrill, supra,* in which Justice MERRIMON stated explicitly that questions of law arising out of a motion to make new parties were often very important, as involving substantial rights. It will not be denied that Daniel is named as trustee in the assignment of the later date, in which the plaintiffs Thomas L. Emry and wife and Louis Hilliard, the defendants James H. Parker and Pope and Pender and others, not parties to the action, are *cestuis que trust.*

While it may not be essential to the proper determination of the cross allegations of fraud in the execution of the two deeds under which the contestants respectively claim the right to sell the property, and appropriate to their own debts the proceeds of the sale, and of the issue as to the time of registration, to have all of the *cestuis que trust* before the Court, it is necessary that those whose interests are to be guarded by Daniel as trustee should be represented by him when the validity of the deed under which they claim is drawn in question. *Hancock* v. *Wooten, supra.*