SAMUEL WEBER and wife *vs.* BENJAMIN TAYLOR *et al.*

This Court has no power to order a *certiorari* without requiring bond and security thereon.

This was an application made to this Court for a *certiorari* without giving bond and security, upon affidavit of insolvency, and certificate of counsel of merits. An order *nisi* was made and notice to the defendants, and this counsel was given, and was argued at the present term.

*Isler* for the petitioner.

1. It is discretionary with the Court whether any pauper can sue in it.

2. Acts 1868–'69, p. 220, prescribe that *any* Judge, &c., may authorize any person to sue in *forma pauperis.*

*Battle & Sons contra.*

PEARSON, C. J. The only question presented is as to the power of this Court, to grant a writ of *certiorari,* in the nature of an appeal, without requiring bond and security as in case of appeal. Upon the petitioners filing an affidavit such as would be required in the Superior Court to support an order for leave to sue in *forma pauperis.*

" To render an appeal effectual for any purpose a written undertaking must be executed on the part ot the appellant by at least two securities," &c. This takes away the right of appeal without security, and we are forced to apply it to a *certiorari,* which is to answer for the purpose of an appeal. C. C. P., sec. 303.

If permitted to speculate upon the reason for not allowing an appeal in *forma pauperis* it it might be suggested that it

was supposed that the judgment of a Superior Court, raised so strong a presumption against the party, that it was not right to allow the litigation to be proceeded in further, unless the costs of the other party and of the officers of the Court were secured.

*Certiorari* refused.

Per Curiam.               Rule discharged.