Appeal by plaintiffs. An action is instituted by a purchaser at Sheriff's sale, against the defendant in the execution, to recover possession of the land and damages for withholding it. The right of the plaintiff, to have judgment, as a matter of course, had been long settled by the cases in this State. But notwithstanding this well established principle, the counsel of the defendant offered to read in evidence a deed by which the debtor is purported to convey the land to his son Jesse A. Saunders, prior to the sale made by the sheriff.
His Honor instead of rejecting the evidence and directing a verdict for the plaintiffs, as a matter of course, complicates the case, by asuggestion, that if the son was made a party the evidence would be admitted; thereupon Jesse A. Saunders is made a party defendant, this was objected to on the part of the plaintiffs, but was allowed by his Honor, on what is, in the opinion of this Court, a misconception of the true meaning and purpose of sec. 61, C. C. P., to which he makes reference.
We can see nothing in that section which leads to the conclusion, that it means to expunge the well settled rule of our Courts "a purchaser at sheriffs sale, as against the defendant in the execution who withholdspossession is entitled to recover as of course, and the debtor cannot justify his act of refusing to give up the possession, on the ground of title in a third person." (278)
It is true, the wording of this section is very broad, "any person may be made a defendant, who claims an interest in the controversy, adverse to the plaintiff." We are of opinion his Honor erred in supposing these words to mean "any person who claims an interest in the thing which is the subject of controversy." This distinction makes all the difference in the world, for the controversy between the plaintiffs and the original defendants Noah Saunders and his tenant Morton, was in regard to the possession of the land, and any claim *Page 232 
which Jesse Saunders set up to the land, was outside of this controversy, and could not in manner be effected by the judgment in this case, under the maxim "res inter alias acta." So, Jesse Saunders had no concern with this controversy, as constituted by the summons and complaint, and making him a defendant, resulted in a complication, not necessary for the determination of the controversy involved by the case as at first constituted. Had the complaint, used demanding judgment, for the possession of the land and damages for withholding it; also, demanded judgment, that the deed by the debtor Aaron, to his son Jesse should be cancelled on the ground of its being a cloud upon the title of the plaintiffs, then Jesse would have had an interest in the controversy and would have been a necessary party, but as the action was on the part of a purchaser at sheriff's sale against the defendant in the execution, to recover possession of the land, the construction of his Honor, on 61 section C. C. P., that any outsider may be made a party defendant, and by force of his alleged claim of title, change the controversy made by the action, into another controversy, in regard to the bona fides of a deed — is a latitude of construction for which we find no warrant in the books. The other clauses of sec. 61, are mere corollaries of the first clause, and show our construction to be right, and the only one that can be made at all consistent with the due administration of justice.
The verdict, convicting Jesse A. Saunders of fraud, puts a "quietus" on him; and as might have been supposed on any person deriving (279) title under him, but his Honor still leaning on sec. 61, C. C. P., refuses to give the plaintiffs judgment, except for the part of the land not conveyed by two deeds of Jesse to Romulus Saunders. That is one question.
We do not concur in the ruling of his Honor, but we approve of his fairness, in stating the case so as to give the plaintiffs, a "status" or "stand point" upon which to move to modify the judgment.
We have not been able to perceive the force of his Honor's reasoning in regard to the legal effect, of the two deeds, of Jesse to Romulus Saunders — or how the legal effect of the deeds could be at all affected by the fact that the "existence of this prima facie title, had been brought to the notice of the Court by the plaintiffs themselves." Had the plaintiffs demanded judgment, that these two deeds be cancelled in order to remove a cloud from the title — then Romulus F. Saunders would have been a necessary party, and although the deed from Aaron to Jesse was deemed void still Romulus would be allowed to protect his title, by showing that he was a bona fide purchaser, for valuable consideration, without notice of the fraud that vitiates the deed to Jesse, *Page 233 
but the onus probandi would have been on him, and prima facie his title would be affected by the same infirmity. It is sufficient however to say, no such judgment was demanded, and the existence of these two deeds, whether brought to the notice of the Court, by the plaintiffs or in any other mode, cannot have the legal effect to deprive the plaintiffs of their right to demand judgment for the possession of all of the land, leaving to Romulus the privilege of asserting his title, hereafter, unaffected by the judgment in this case.
The judgment will be modified so that the plaintiffs may have possession of all of the land embraced by the sheriff's deed, and the plaintiff will have judgment for costs.
PER CURIAM. Judgment accordingly.