ELIZA A. MIAZZA v. JAMES CALLOWAY and others.

In granting an order for a person to sue *in forma pauperis*, it is sufficient compliance with the statute, Bat. Rev., chap. 17, sec 72, for the presiding Judge to be satisfied by a certificate of counsel or otherwise, that the plaintiff has an honest cause of action on which he may reasonably expect to recover.

An affidavit, certified by the Clerk of a Chancery Court of another State, without having the testimonial of the Judge of said Court, that the person so professing to be Clerk was such officer, and that he had authority to administer oaths, is not so legally authenticated as to authorize a Judge of this State to act under it.

CIVIL ACTION, tried before his Honor, *Judge Furches*, at Fall Term, 1875, of the Superior Court of WILKES county.

The following is substantially a statement of the case as sent to this court as a part of the record. The action was brought by the plaintiff against the defendants for the partition of a tract of land situated in Wilkes county, N. C. The plaintiff alleged that the plaintiff and defendants were tenants in common, and demanded an account of the rents and profits. The summons was returnable to Fall Term, 1875, of the Superior Court of said county, at which term, and before answering the complaint, the counsel for the defendants moved the court to revoke the order heretofore made allowing the plaintiff, who is a resident of the State of Mississippi, to sue *in forma pauperis*, upon the ground that the same had been improperly granted, as there was no sufficient affidavit of the plaintiff, as required by law, upon which to ground the order, and for other reasons, which will fully appear by reference to to said affidavit, petition and order. The defendants also moved the court to require the plaintiff to give the undertaking required by law or dismiss the action.

The complaint alleges that a partition of said land had been made in the year 1851, by order of the Court of Equity of Wilkes county on a proceeding in said court, in which the

plaintiff's name had been used as a party plaintiff and as a *feme sole*, when she was at the time a *feme covert*, and that her name had been used in said action without her knowledge or consent.

His Honor refused to allow the motion, and the defendants appealed.

The following is a copy of the affidavit of the plaintiff :

"The plaintiff maketh oath that she is unable to give the sureties or make the deposit required by the laws of the State of North Carolina to enable her to prosecute the above entitled action against the defendants, and further that she is advised and believe that she has good cause of action against them. She therefore prays the honorable Court that she may be allowed to sue *in forma pauperis.*

Sworn to and subscribed before me this 29th day of May, A. D. 1875.

MURRAY PEYTON,
Chancery Clerk Hinds county, Miss."

The following is the certificate of counsel :

"We, the undersigned practising attorneys, hereby certify that we have examined the case of the plaintiff and believe that she has a good cause of action against the defendants in law and in fact. This 16th day of August, 1875.

THOS. J. DULA,
S. S. WITHERSPOON."

The following is the order of the Court made upon the affidavit :

In the above entitled action, upon reading the affidavit of plaintiff and the certificate of counsel, it is ordered that the plaintiff, Eliza A. Miazza, be allowed to prosecute her said action against the defendants, James Calloway and others,

without giving security or making the deposit required by law. No officer shall require of her any fee, neither shall she recover any cost.

*Armfield & Folk* and *Johnstone Jones,* for the defendants. *Smith & Strong,* contra.

RODMAN, J. The plaintiff was allowed by the Judge to prosecute her action *in forma pauperi* , upon her presenting to him a certificate of two counsel to the effect that they had examined her case, and were of opinion that she had a good cause of action, and her affidavit of her poverty. The affidavit purported to have been sworn to before the clerk of the Chancery Court of Hinds county, Mississippi, and was authenticated by what purported to be the seal of that court. The defendant contends that the Judge exceeded his powers, because the statute, Bat. Rev. chap. 17, sec. 72, (Act of 1868-'69, chap. 96,) was not complied with.

That statute is in these words: "Any Judge, Justice of the Peace, or Clerk of the Superior Court, may authorize any person to sue as a pauper in their respective courts, when he shall prove by one or more witnesses that he has a good cause of action, and shall make affidavit that he is unable to comply with the provisions of the last section," which requires a bond with security, or a deposit of money with the Clerk.

The defendant contends:

1. That it appears that no witnesses were examined by the Judge.

2. That the affidavit was not sufficiently authenticated.

*As to the first point :* The Code of Civil Procedure, section 72, provided that a Judge might allow any person to sue as a pauper upon a certificate from any attorney that in his opinion such person had a good cause of action, and upon his statement *that he would prosecute the demand without fee.* This last requisition was an inconvenient impediment to the bring-

ing of pauper actions. From its having been omitted, we may suppose that one, if not the main object of the Act amending the Code, was to get rid of this restriction, which was obnoxious to members of the bar. The intention then was to facilitate pauper actions. A literal construction of the Act would make them almost impossible, and would moreover lead to absurdities which we cannot, without disrespect to the Legislature, suppose that they intended. The pauper is required to prove before the Judge his right to recover, by *witnesses*: that is, by persons who personally know the facts, and whose evidence would be sufficient on a trial to make out a *prima facie* case. Yet he cannot compel the attendance of his witnesses for this purpose by process, and by the hypothesis that he is a pauper, he cannot·procure their attendance by paying their expenses. Nor is any provision made for taking their depositions if they be sick or non-residents. In addition to this, the Judge who should try a case wholly without prejudice and without having received a bias from any one-sided statement, is required to hear the plaintiff's version of the facts, and to express an opinion that *prima facie* he is entitled to recover. For a Judge to permit himself to be "talked to" privately by parties or their attorneys about a case pending before him, is indecent, and perhaps criminal. The Legislature never could have intended this, and we are compelled to conclude that it never intended any thing more than that the Judge should be satisfied by a certificate of counsel or otherwise that the plaintiff had an honest cause of action, on which he might reasonably expect to recover. No doubt this is substantially the law of every State of the Union, and we cannot believe that the Legislature intended to alter a practice sanctioned by convenience and by long and universal usage.

As to the second objection: We think that the affidavit was not legally authenticated so as to authorize the Judge to act on it. There was required, in addition, a testimonial from the Judge of the Court that the person professing to be Clerk

of the Chancery Court was such officer and that he had authority to administer oaths. Bat. Rev., chap. 43, sec. 9.

The Judge below need not necessarily dismiss the plaintiff's action by reason of this informality in the authentication of her affidavit. He may, if he shall think proper, continue the cause until she has a reasonable time to supply the defect, either by procuring the testimonial of the Judge or by swearing to her affidavit before a Commissioner for this State in Mississippi, which latter may be the more prudent course.

PER CURIAM. The order allowing the plaintiff to sue as a pauper is reversed, and the case is remanded to be proceeded in according to law. Neither party will recover costs in this court.

Let this opinion be certified.