JOHN S. STELL *v.* HYATT BARHAM.

*Appeal in Forma Pauperis.*

An appeal *in forma pauperis* must be perfected during the term at which judgment was rendered, and the judge has no power to allow the party praying such appeal twenty days from the last day of the term in which to file his affidavit of inability to give the bond required by law.

(*Weber* v. *Taylor*, 66 N. C., 412; *Miazza* v. *Calloway*, 74 N. C., 31; *State* v. *Patrick*, 72 N. C., 217; *State* v. *Morgan*, 77 N. C., 510, cited and and approved.)

EJECTMENT tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The jury rendered a verdict for the plaintiff, and from the judgment thereon the defendant prayed an appeal. A certificate was filed by the defendant's counsel stating that in his opinion the judgment was erroneous, and that the defendant was unable by reason of insolvency to deposit an amount necessary to secure the costs of an appeal or to execute a bond for the same, and that said insolvency is admitted by the plaintiff. Thereupon the court adjudged that the defendant be allowed to appeal *in forma pauperis,* and be allowed twenty days from the last day of this term to file his own affidavit of his insolvency, which affidavit was accordingly filed. In this court the plaintiff moved to dismiss the appeal.

*Messrs. Battle & Mordecai, Strong* and *Batchelor,* for plaintiff. *Mr. Armistead Jones,* for defendant.

SMITH, C. J. The plaintiff's motion to dismiss the appeal as taken in disregard of the directions of the act of 1874 passed "to enable indigent parties in civil actions to appeal to the supreme court" must be granted. The act makes it

the duty of the presiding judge, upon application to him at the time of trial, to make an order allowing the appeal without security with the proviso that the party desiring to appeal "shall make affidavit that he is unable by reason of his poverty to give the security required by law," and that he is advised by counsel that there is error in matter of law in the decision of the court. The affidavit must be accompanied also by a written statement from a practicing attorney of the court "that he has examined the affiant's case and that he is of opinion that the decision of the superior court in said action is contrary to law." Acts 1873-74, ch. 60, § 1. A similar right to appeal without security upon conviction of a criminal offence in the same court was given to defendants by a previous enactment, upon the filing an affidavit of inability and that "he is advised by counsel that he has reasonable cause therefor and that the application is in good faith." Acts 1869-70, ch. 196.

These enactments were intended to enlarge the operation of the act of 1869, amending section 72 C. C. P. which authorises the institution of a suit *in forma pauperis* under certain conditions, by allowing the prosecution of appeals to this court without giving security, to which the previous authority for bringing the action did not extend. *Weber v. Taylor*, 66 N. C., 412; *State v. Patrick*, 72 N. C. 217.

Whether the application be to commence the action or to appeal from an adverse determination without security, it must be supported by the affidavit of the party, and no provision is made for any other mode of proving the fact that he is unable to give security. The necessity of such affidavit is held in *Miazza v. Calloway*, 74 N. C., 31.

There is no less necessity for it when the appeal is asked from a judgment, at least in a civil action, for this raises "a strong presumption against the party," as was said in *Weber v. Taylor, supra.*

The oath may be exacted from the party because the in-

ability is within his personal knowledge, while the statement of any agent acting on his behalf must rest largely if not wholly on information and belief, and the law gives a specific legal effect to the affidavit and seems to admit no contradictory evidence of the fact stated. The sufficiency in substance and form of the affidavit is to be determined by the judge, and it must therefore be before him when he makes the order. The order is in terms absolute and cannot be made contingent upon a subsequent compliance with conditions essential to its validity, of which he must be the only judge. Ordinary appeals are of right, not under leave of the court, when the right is exercised in conformity with the law regulating appeals. The required security can be dispensed with only when so adjudged in pursuance of the terms of the statute which confers the power. As all the conditions prescribed by law for an effectual appeal must be observed and the mandate of the law enforced, so its provisions in favor of insolvent litigants can be sought and obtained in the prescribed mode only.

It must be declared, therefore, that there is error in the order allowing the appeal without security because of the absence of the affidavit of the appellant when it was made. *State* v. *Morgan*, 77 N. C., 510.

PER CURIAM.                                       Appeal dismissed.