\*R. B. PEEBLES v. JOHN W. PATE.

*Execution—Ejectment, evidence in.*

Where there have been a previous levy and sale, a subsequent execution confers no authority to resell the same premises; its operation is confined to other property of the debtor. And this the defendant in the

―――――

\* Ruffin, J., did not sit on the hearing of this case.

execution may show in an action by the purchaser to recover the land. But the rule does not apply to executions issued upon different judgments against the same debtor. (For present form of final process see section 261 of the Code).

*(Wade* v. *Saunders*, 70 N. C., 277; *McEntire* v. *Durham*, 7 Ired., 151; *Smith* v. *Fore*, 1 Jones, 488; cited and approved).

CIVIL ACTION to recover land, tried at Fall Term, 1880, of NORTHAMPTON Superior Court, before *Graves, J.*

The plaintiff claimed title to the land in dispute under an execution sale, and produced in evidence the record of a judgment recovered in the superior court of Northampton by Mary E. Phillips against the defendant for a debt contracted prior to January, 1865, and execution thereon issued on June 8th, 1874, to the sheriff, his deed conveying the land, and proved the sale pursuant to the requirements of law. He also read the sheriff's return on the execution in these words: "After due and lawful advertisement at the court house in Northampton county and four other places in said county, I did, on the 7th day of November, 1874, expose to sale, and sell, at public auction to the highest bidder for cash, the two tracts of land mentioned in the levy, when and where R. B. Peebles became the last and highest bidder for the same in the sum of five dollars each, complied with the terms of sale and was declared the purchaser." (Signed by Jas. W. Newsom, Sheriff).

The defendant admitted his possession of the land and the value of its rental.

To impeach the plaintiff's title and show that he acquired no estate under the sheriff's deed and the proceedings antecedent to its execution, the defendant proposed to prove and read certain other entries endorsed upon the execution exhibited by the plaintiff and under which he purchased, to wit:

"August 9th, 1873. This day levied this execution upon a tract of land containing twenty-four acres more or less, and upon one other tract of land containing two hundred

and fifty acres, more or less, the property of John W. Pate, to satisfy this execution and costs." (Signed by Newsom Sheriff).

December 6th, 1873. Received two hundred and two dollars from the sale of the above named tracts of land purchased by Wm. T. Stephenson of which thirty $\frac{22}{100}$ dollars are costs and commissions, and one hundred sixty-eight $\frac{78}{100}$ dollars, debt and interest in part of this execution. (Signed by Newsom, Sheriff).

December 22nd, 1873. Received of J. W. Newsom, Sheriff, the sum of one hundred sixty-eight $\frac{78}{100}$ dollars in part of the within execution. (Signed by R. B. Peebles, Attorney for J. J. Long.)

Received of W. T. Stephenson, administrator *de bonis non* of Newitt Harris, the sum of sixty-five and $\frac{70}{100}$ dollars in full of balance on this execution. (Signed R. B. Peebles).

The defendant proposed further to show that on June 30th, 1873, a previous execution was sued out on the same judgment and delivered to the sheriff who returned it to the next term "not satisfied" and with a levy on the same two tracts of land in the form and words found on the execution under which the plaintiff bought, and that on October 17th, 1873, a second execution issued, bearing the same entry as the preceding, and which was returned by the sheriff with his endorsement of his action under it, and the attorney's receipt, as transferred to the last as already recited.

He also offered to prove the sale to Stephenson and the sheriff's deed to him for both tracts executed in December, 1873.

The evidence was ruled out as inadmissible in this action, and the defendant excepted. The plaintiff had a verdict and judgment, and the defendant appealed.

*Mr. R. B. Peebles*, for plaintiff.
*Mr. S. J. Wright*, for defendant.

SMITH, C. J., after stating the case. The rule laid down in the cases cited for the plaintiff is too well established to admit of controversy that "a purchaser at sheriff's sale, as against the defendant in the execution who withholds possession, is entitled to recover as of course, and the defendant cannot justify his act of refusing to give up the possession on the ground of title in a third person." *Wade* v. *Saunders*, 70 N. C., 277 ; *McEntire* v. *Durham*, 7 Ired., 151. See also *Leach* v. *Jones*, *ante*, 404.

But to operate as an estoppel, the execution must be valid and sufficient to confer the power to make the sale upon the officer who undertakes to sell. Otherwise the attempted sale is ineffectual against the debtor, and this he may show in the action of the purchaser to recover it. In such cases the estoppel does not apply, and the defect inherent in the process relied on as authority for the act, may be shown by the debtor. In the present case the identical land had been sold under an execution issuing upon the same judgment and after a levy, and the proceeds had been applied to the costs and the residue paid over to the attorney, who bought at a subsequent sale, and these facts appear upon the process itself.

The inquiry then is, did the writ authorize the sheriff, not to levy on and sell other property of the debtor, (for it was clearly valid and effectual for this purpose,) but to resell land already sold by him, and debar the debtor from showing the fact. The question seems to have been decided in the case of *Smith* v. *Fore*, 1 Jones, 488, and upon its authority we are constrained to award a new trial for the error in rejecting the evidence. When the case was first before the court, (10 Ired., 37,) the lessor claimed title under a second writ of *venditioni exponas* issued upon a levy of a justice's execution upon land returned to and confirmed in the county court, and the debtor was permitted to show the issuing of a previous *venditioni exponas* upon the same levy

and a sale thereunder to another person. " This rendered the levy *functus officio*," say the court, " and there was no authority to issue the second *venditioni exponas* under which the lessor purchased." The estoppel is held not to apply, because a purchaser to avail himself of it, " must show a valid execution." In a subsequent action (1 Jones, 488,) it appeared that the lessor had sued out a writ of *fieri facias* which was levied on the same land and under a *venditioni exponas* it was again sold to the lessor. It also appeared that the first purchaser had leased the land to a son of the debtor, and subsequently sold it to him, and both resided upon the land.

The court held that the son, the defendant, was confined to such defences as were open to the debtor, and NASH, C. J., proceeds thus: " A purchaser at a sheriff's sale, to show a good title, must exhibit a valid execution, authorizing the sale. If he does not, his case does not come within the principle before stated, that a debtor, whose land had been sold under execution, cannot contest the right of the purchaser to possession." Referring to the statute which provided for the issue of a *fieri facias* when the sale under the *venditioni exponas* did not satisfy the debt, he adds : " The *fi. fa.*, then, under which the plaintiff claims (as all other *fi. fas.*) issues against the goods and chattels, lands and tenements of the defendant, and authorizes the sheriff to collect only the balance remaining due upon the judgment after the sale of the land. But in this case it issues for the whole judgment, and was levied upon the very same land which had been levied upon under the magistrate's judgment. This surely could not have been the intention of the legislature. The land did not at the time of the levy of the *fi. fa* belong to Lewis Fore, Sr.; he was living with his son, Lewis Fore, Jr., upon the land, and the latter was the tenant of Davis, who had purchased under the first *venditioni exponas*. In law the possession was in Lewis Fore, Jr., and the *father would not*

*have been estopped to deny the title of the plaintiff by showing the defect in it, namely, that the venditioni exponas is not a valid one."*

The principle seems to be that when the record shows a previous levy and sale, a subsequent execution does not confer authority to resell the same premises, and its operation must be confined to other property of the debtor. The present form of final process directs, when no personal estate can be found, that the judgment be satisfied " out of the real property belonging to the debtor on the day when the judgment was docketed in the county or at any time thereafter. C. C. P., § 261.

When any lands thus liable have been sold, the authority conveyed in a second writ, especially when an endorsement shows the fact of a previous valid sale, would seem to be limited to other unsold lands of the debtor. The authority to make the sale as in case of a *venditioni exponas,* following a levy, is exhausted as to the lands already sold upon process issued on the same judgment. Of course the rule has no application to executions issued upon different judgments against the same debtor, nor to the case of an attempted and ineffectual sale.

The plaintiff bought, not only with the constructive notice furnished by the endorsement upon the writ under which he derives title, but with actual notice, for he received a portion of the proceeds of the first sale applicable to the debt. It is true that in the case from which we have quoted, the action was against Lewis Fore, Jr., who was in possession with the judgment debtor, under a lease from the first purchaser, but the court restricts him to the same defences and decides that the judgment debtor himself could defeat the recovery by showing title in the first purchaser, and the want of authority in the officer under the last writ to sell and transfer to the lessor any estate in the land. We are unable to distinguish the cases in principle, and rest our

decision in this case upon the authority of that adjudication which we do not feel at liberty to disregard.

There must be a new trial, and it is so adjudged.

Error. *Venire de novo.*