JAMES T. LEACH v. ELIZA H. JONES.

*Ejectment, evidence in—Executors and Administrators, devastavit committed by—Order to appeal in forma pauperis, effect of.*

1. Where the defendant in ejectment is the defendant in the execution and in possession of the land, he cannot defeat a recovery by showing title in a third person.

2. The liability of an executor for a *devastavit* attaches at the date of qualification as such; and that of an administrator at the date of his bond.

3. An order allowing a party to appeal *in forma pauperis* dispenses with the security for costs, but does not operate to stay further proceedings upon the judgment appealed from.

(*Isley* v. *Stewart*, 4 Dev. & Bat., 160; *Earle* v. *Hardie*, 80 N. C, 177; *Weber* v. *Taylor*, 66 N. C., 412; *Mitchell* v. *Sloan*, 69 N. C., 10; *Stell* v. *Barham*, 85 N. C., 88, cited and approved.)

CIVIL ACTION to recover land, tried at Spring Term, 1882, of WAKE Superior Court, before *Bennett, J.*

The plaintiff claimed title to the land described in the complaint by virtue of a judgment of the superior court of Wake, rendered at June term, 1878, in favor of J. P. H. Russ and Jesse Perry against the defendant as executrix, in which it was adjudged, upon the report of the referee to whom it had been referred to take an account of her administration, that she was guilty of a *devastavit* of the assets of her testator, (L. Jones), and the judgment was against her as executrix and in her own right by reason of the *devastavit.* The plaintiff offered in evidence the execution issued upon said judgment, the sale, and the deed of the sheriff of Wake conveying to him the land in dispute.

The possession of the land by the defendant was admitted.

The defendant was qualified as executrix of L. Jones, deceased, in the year 1865. Judgment for plaintiff, appeal by defendant.

*Messrs. Reade, Busbee & Busbee*, for plaintiff.
*Messrs. Fowle & Snow*, for defendant.

ASHE, J.   There were several exceptions taken by the defendant to the report of the referee upon which the judgment was founded, which were properly overruled by His Honor.   She offered to show in evidence a deed of mortgage executed by her in 1875, conveying the land in question, duly registered, which was still unsatisfied, but His Honor refused to admit the evidence upon the grounds that the mortgagee had no possession, and there was no mention of any mortgage in the answer.   There was no error in the rejection of this evidence.   The defendant having been the defendant in the execution and in possession when the land was sold and when the summons was served in this action, could not defeat the plaintiff's recovery by showing title in a third person.   *Isley* v. *Stewart*, 4 Dev. & Bat., 160.

There were some other exceptions taken by the defendant in the argument here, which besides being unimportant were obnoxious to the objection of not having been taken in the court below.

But the defendant insisted that she was entitled to her homestead in the land in controversy, and her right to a homestead was discussed in this court, as depending upon the time when the *devastavit* was committed by her, the defendant contending that she was not fixed with the *devastavit* until the report of the referee was confirmed by the judgment against her in June, 1878; and the plaintiff on the other hand insisting the *devastavit* was committed between the years 1865 and 1867.   But we are of the opinion it was an immaterial inquiry when it was committed, so it was done prior to the commencement of this action.   For the liability of the defendant attached upon her qualification as executrix in the year 1865.   The contract to pay the debts of the testator then commenced.   The obligation then assumed by

the defendant as executrix is embraced in the oath then administered to her, to-wit, *that she would well and truly execute the will of the testator by first paying his debts, and then his legacies, as far as the estate should extend or the law should charge her, and that she would well and truly execute the office of executrix, &c.* Such would have been the condition of the bond if she had been required to give one. If instead of being an executrix she had given a bond as administratrix with the will annexed, her obligation to pay the debts of her testator and make a faithful administration of his estate according to law and the directions of the will, would have commenced from the time of her qualification and the execution of the bond, and any *devastavit* she might afterwards commit would have relation to that date, and might be assigned as a breach of the conditions of the bond. The contract would begin from the execution of the bond, and there can be no difference between the obligations incurred by the executrix and the administratrix with the will annexed.

As the liability of the defendant then commenced with the qualification as executrix, she is not entitled to a homestead upon the authority of *Earle* v. *Hardie*, 80, N. C., 177.

There is no error. The judgment of the superior court must be affirmed.

No error.                                            Affirmed.

In same case :

SMITH, C. J. Upon filing the transcript of the appeal the defendant moves the court for a *supersedeas* or restraining order, directed to the clerk of the superior court in which the plaintiff recovered judgment and forbidding a writ of possession to issue in the cause until the final determination of the appeal, basing the application upon her own affidavit that the clerk has declared his purpose and is about to issue the writ. The record shows that the defendant is allowed to prosecute her appeal *in forma pauperis*; and her

counsel insists the order is an equivalent substitute for both the undertakings specified in the Code—not only for that intended to secure the "costs and damages which may be awarded" pursuant to section 303; but for that also mentioned in the several succeeding sections, which "stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein." § 308.

We cannot give this comprehensive scope and effect to the order, and in our opinion it simply dispenses with the undertaking first mentioned and removes that obstacle in the way of a review of the cause in this court. The statute (Acts 1873-'74, ch. 60) by virtue of which the appellant claims to be left in undisturbed possession of property adjudged to belong to the plaintiff, pending the appeal, was manifestly enacted to obviate the consequences of a construction put upon the act of 1868-'69, ch. 96 in *Weber* v. *Taylor*, 66 N. C., 412, and *Mitchell* v. *Sloan*, 69 N. C., 10, in which it is decided that the authority to bring the suit without giving security is exhausted by the trial in the superior court; and the purpose and effect of the enactment are to extend the privilege to the prosecution of the action to a final determination in the court of last resort. When the defeated suitor shall be unable from poverty to give the prescribed security and shall furnish the required professional certificate, it is the "duty of the judge of the superior court to make an order allowing said party to appeal" * * * "as in other cases of appeal now allowed by law *without giving security therefor.*"

It was certainly not the purpose of the general assembly in allowing the appeal, *as a matter of right,* under such circumstances, to arrest the execution of the judgment also, without those securities necessary and prescribed for the indemnity and protection of the other and successful party from losses, which he may thereby sustain. An injunction

will not be granted, nor any of those stringent ancillary remedies of arrest, attachment and the like, which may occasion damage and yet are in furtherance of the action, unless adequate indemnity is provided by those who seek them.

A defendant convicted of crime may be permitted to appeal without giving security for the costs, but he must enter into bond or recognizance for his future appearance to undergo the sentence which may be pronounced. The *supersedeas* or restraining order, now desired, is in substance and effect an interlocutory injunction, and we do not think the right to have it is granted in an act that only dispenses with the security for costs. The appeal is as truly *perfected,* when it is regularly and properly constituted as a cause to be heard in this court, by a compliance with the provisions of section 303, as by a compliance with those which are necessary to a suspension of further action on the judgment. This is all the enabling statute undertakes to secure to the indigent appellant, and this it secures as effectually as if the security for the costs had been provided as required of others. See *Stell* v. *Barham,* 85 N. C., 88, where the subject is commented on. The motion must be denied.

PER CURIAM.                                                    Motion denied.