R. B. PEEBLES v. JOHN W. PATE.

*Execution, return on, evidence—Ejectment—Sheriff's Deed—Agreement between defendant and purchaser—Fraud—Estopped.*

1. Returns of an officer endorsed upon an execution are admissible in evidence in all cases where the execution is evidence.

2. The defendant in execution and the purchaser agreed that the latter should buy the land and hold the same under the sheriff's deed until he was repaid the purchase money; *Held,* that the transaction will be upheld in the absence of fraud upon the creditors of the defendant.

3. Execution issued upon a judgment, land was sold thereunder and a deed made to the purchaser; *Held,* not competent to have another execution upon the same judgment and sell the same lands a second time for a balance of the same debt alleged to be unpaid; and the purchaser under the latter gets no title.

4. Such a proceeding can be sustained only when the defendant subsequently acquires a new estate in the land, which is subject to execution, or perpetrates a fraud rendering the sale void.

5. The defendant in ejectment is not estopped to show title in a third person, where the execution under which the plaintiff purchased conferred no power upon the officer to sell the land.

6. The plaintiff can take no advantage of any estoppel that may exist between the parties to the mortgage deed in this case.

7. Every estoppel must be reciprocal; it must bind both parties; a stranger can neither take advantage of it nor be bound by it.

(*Vestal* v. *Sloan,* 76 N. C., 127; *Mulholland* v. *York,* 82 N. C., 510; *Williford* v. *Conner,* 1 Dev., 379; *Grimsley* v. *Hooker,* 3 Jones' Eq., 4; *Smith* v. *Fore,* 10 Ired., 37; *Leach* v. *Jones,* 86 N. C., 404; *Wade* v. *Saunders,* 70 N. C., 277; *Badham* v. *Cox,* 11 Ired., 456; *Moore* v. *Byers,* 65 N. C., 240, cited and approved).

EJECTMENT tried at Spring Term, 1883, of NORTHAMPTON Superior Court, before *Philips, J.*

On the trial the plaintiff, in support of his title, introduced a judgment rendered and docketed in said county on the 10th of February, 1869, in favor of Mary E. Phillips as guardian of the children of John D. Phillips and against John W. Pate and

others for one hundred and fifteen dollars, with compound interest on the same from January 1st, 1881, till paid, and for costs. The said judgment was upon a bond executed in 1860; also an execution on said judgment issued the 8th day of June, 1874, returnable to the fall term of said court; also a sheriff's deed dated November 7th, 1874, reciting a sale of the land (*the locus in quo*) under said execution as the property of John W. Pate, and purporting to convey the same to the plaintiff R. B. Peebles. He also proved that the defendant, John W. Pate, was in possession of the *locus in quo* at the time of and ever since the commencement of this action. The plaintiff here rested his case.

The defendant John W. Pate, by way of impeaching the validity of the execution and sale to the plaintiff, and to show that the plaintiff acquired no title under the execution of the 8th of June, 1873, offered in evidence an execution on the same judgment issued June the 10th, 1873, and the return of the sheriff thereon; also another execution issued June 30th, 1873, upon the same judgment upon which there was the following return by the sheriff: "Not satisfied. August 9th, 1873. This day levied this execution upon a tract of land containing twenty-four acres, more or less, and upon another tract of land containing two hundred and fifty-nine acres, more or less, the property of John W. Pate, to satisfy this execution"; also one other execution which was issued on the same judgment, dated October 17th, 1873, which came to the hands of the sheriff on the 12th of November, 1873, and with the same the defendant introduced the following entries, which were endorsed on the said execution, to-wit: A copy of the levy of August 9th, 1873, as set forth as originally endorsed on the execution of date June 11, 1873; also on said execution this return: "December 6th, 1873. Received two hundred and two dollars from the sale of the above named tracts of lands purchased by Wm. T. Stephenson, of which thirty-three dollars and twenty-two cents is costs and commissions, and one hundred and sixty-eight dollars and seventy-eight cents on debt and interest in part of this execu-

tion." (Signed by the sheriff). Also on said execution is the following entry: "December 22d, 1873. Received of W. Newsom, sheriff, the sum of one hundred and sixty-eight $\frac{78}{100}$ dollars in part of the within execution." (Signed, R. B. Peebles, attorney for J. J. Long).

The other entries were also endorsed on the execution of June 8th, 1874, under which the plaintiff claims title, in the handwriting of the clerk of the court, and also the following endorsment of a return by the sheriff:

"After due and lawful advertisement at the court-house in Northampton county, and four other public places in said county, I did, on the 7th day of November, 1874, expose to sale and sell at public auction to the highest bidder for cash, the two tracts of land mentioned in the levy, where and when R. B. Peebles became the last and highest bidder for the same in the sum of five dollars each, complied with the terms of sale and was declared the purchaser."

The defendant introduced J. D. Boone as a witness, who testified that he was at the time of the above-stated proceedings a deputy sheriff; that the handwriting of the returns and receipts was as recited herein, and that the land sold under execution of date 17th of October, 1873, under which Stephenson purchased, and that of date 10th June, 1874, under which the plaintiff purchased, were the same lands, and it was admitted that the sheriff's deed to each of the purchasers covered the *locus in quo.* The foregoing evidence was offered as a part of the record under which the plaintiff claimed.

The defendant also introduced a deed from the sheriff to W. T. Stephenson, dated December 6th, 1873, reciting a sale to him under execution of 17th October, 1872. All of the evidence introduced by the defendant was objected to by plaintiff and admitted by the court.

The plaintiff then, with a view of showing that the deed from the sheriff to Stephenson of December the 6th, 1873, passed no title as against creditors of John W. Pate, offered evidence to

show that before and at the said sale of December 6th, 1873, said Stephenson agreed with said Pate to lend and did lend him money enough to pay off the execution in the hands of the sheriff, with the understanding that the lands should be sold by the sheriff and an absolute deed made to said Stephenson to secure the repayment of the money loaned and interest; that just before the sale, Stephenson (Pate being present) asked the sheriff how much the execution and costs amounted to, and the sheriff replied that he thought $200 would cover it, and then Stephenson bid $202 for both tracts, and there was no other bid made. But when the plaintiff, as attorney for the plaintiff in the judgment, came to settle with the sheriff, it was ascertained that there was some sixty dollars due on the judgment, which the defendant refused to pay; that at the time of the sale, December 6th, 1873, the sheriff had notice that Stephenson was to lend the defendant the money. All of this evidence was objected to by the defendant and ruled out by the court, and the plaintiff excepted.

With the view of estopping the defendant from saying that Stephenson had title to the land, by virtue of the sheriff's deed to him, the plaintiff then offered in evidence a mortgage deed made by the defendant, December 8, 1873, for the land in controversy, to Stephenson to secure the purchase money for the land. This evidence was objected to by the defendant and ruled out by the court, and the plaintiff excepted.

Upon an intimation from the court that the plaintiff was not entitled to recover, he submitted to a nonsuit and appealed.

*Messrs. Thos. N. Hill* and *W. C. Bowen*, for plaintiff.
*Messrs. R. O. Burton, Jr.*, and *Willis Bagley*, for defendant.

ASHE, J. The exception taken by the plaintiff to the ruling of His Honor in admitting the endorsements on the executions as evidence on the part of the defendant is untenable. The

executions were unquestionably competent evidence, and "a return when made is a matter of record, and is admissible in all cases where the execution is. The rule allowing the return of officers to be read in evidence is based upon their responsibility for the truth or falsity of such returns, and is sufficient evidence of all the proceedings under the writ." Herman on Executions, §214.

The exception to the ruling of His Honor in admitting in evidence the deed executed by the sheriff to Stephenson, is also untenable. So, likewise, was his exception to the ruling of His Honor including the evidence offered by the plaintiff in regard to the transaction between them as to the redemption of the land.

This evidence was offered to show that the agreement between the defendant and Stephenson, by which the latter was to purchase the defendant's land under execution sale and hold the title until the defendant should repay the money advanced by Stephenson was covinous and intended to hinder and defeat the creditors of the defendant, and that the sheriff's deed under the sale was void and passed no title to Stephenson. But we are unable to discover any of the " ear-marks " of fraud in the transaction. The agreement was perfectly legitimate. Such contracts between the defendants in execution and the purchasers of their land, under execution sale, have been sustained by repeated adjudications of this court. *Vestal* v. *Sloan*, 76 N. C., 127 ; *Mulholland* v. *York*, 82 N. C., 510.

And we cannot see how this case differs in principle from those cases. The defendant's land was advertised for sale under execution, and Stephenson agreed to advance the money or lend it to the defendant to satisfy the execution, and buy at the sale and take the sheriff's deed for the same and hold the land until he was reimbursed. There was no concealment of any sort attending the transaction—no attempt or purpose to buy the land at a reduced price, but on the other hand, everything was done openly and fairly. Before the sale, Stephenson and the

defendant went to the sheriff and enquired of him what was the amount of the execution, and being informed that $200 would cover the amount it called for, without any dallying, he at once bid the amount which he supposed would satisfy the execution. Could anything have been fairer?

Even if this transaction had not been free from the suspicion of "*mala fides,*" the contention of the plaintiff that it was intended to hinder and delay the creditors of the defendant, cannot be sustained.

To avoid a deed or transaction under the statute of frauds, there must be a creditor to be defrauded, and before he can take advantage of the statute at law, it is held he must reduce his debt to a judgment, issue execution upon it and have the defendant's land sold thereunder. *Williford* v. *Conner,* 1 Dev., 379; *Grimsley* v. *Hooker,* 3 Jones' Eq., 4. But here, there was no creditor to be defrauded. There was no creditor except the plaintiff in the judgment under which the land was sold, and she is not such a creditor as could take advantage of the statute, for the reason she had once had the land sold under execution on her judgment, and had no right to have it sold a second time under another execution upon the same judgment. When the land was once sold under execution of October 17th, 1873, the plaintiff had no right to issue another execution on the same judgment and have the same land sold a second time for the same debt.

Under present system, the judgment, like the former levy, creates the lien on land, and the execution upon it is in the nature of a *venditioni exponas;* and "when a *venditioni exponas* under the former practice was issued, and land mentioned in it was sold, another *venditioni exponas* cannot be issued; and if it does, it is invalid, and the purchaser gets no title." *Smith* v. *Fore,* 10 Ired., 37.

It was so expressly held in this very case when it was before this court at the February term, 1882 (86 N. C., 437). The only ground upon which such a proceeding could be sustained

23

would be where the defendant had subsequently acquired such a new estate in the land as subjected it to execution, or had perpetrated a fraud which made the sale void. But here there was no fraud, and the defendant had acquired no title to the land, which made it the subject of execution.

The plaintiff further insisted he had the right to recover, upon the ground that the defendant in this action was the defendant in the execution, and was in possession when the land was sold and at the commencement of this action, and he could not defeat the plaintiff's recovery by showing title in a third person. It is conceded this is a well established rule. *Leach* v. *Jones*, 86 N. C., 404; *Wade* v. *Saunders*, 70 N. C., 277.

But to operate as an estoppel, the execution under which the plaintiff has purchased must be valid, and sufficient to confer the power to make the sale upon the officer who undertook to sell; otherwise the attempted sale is ineffectual against the debtor, and this he may show in the action of the purchaser to recover. In such cases the estoppel does not apply. *Peebles* v. *Pate*, *supra*; *Smith* v. *Fore*, *supra*. It was there held that this very exception under which the plaintiff claims title was invalid, and the defendant was not estopped to deny the plaintiff's right to recover.

The only other exception taken by the plaintiff was as to the refusal of His Honor to admit evidence of the mortgage executed by the defendant to Stephenson, which was offered with the view of estopping the defendant from saying that he, Stephenson, had title to the land by virtue of the sheriff's deed of December 6th, 1873.

The exception was properly overruled. The plaintiff had no right to take advantage of any estoppel that might have existed between the parties to that deed. "Every estoppel must be reciprocal, that is, it must bind both parties, since a stranger can neither take advantage of any estoppel nor be bound by it." Co. Lit., 352a; 1 Taylor on Evi., 586.

The only interest which the defendant acquired by the con-

tract with Stephenson was an equity to have the land conveyed to him when the money advanced for its purchase should be repaid, with interest, and that is such an interest as is not subject to be sold under execution. *Badham* v. *Cox*, 11 Ired., 456; *Moore* v. *Byers*, 65 N. C., 240.

There is no error. The judgment of the superior court is affirmed.

No error.                                   Affirmed.