ELIZABETH BOYD v. J. B. TURPIN et als.

*Fraudulent Conveyances—Coverture—Contract to Sell Land.*

1. A contract to sell a tract of land, purporting to belong to a *feme covert*, was made by one who acted as her agent; *It was held*, that the contract was not binding on the *feme*, 1st, because of her coverture, and 2nd, because the agent was not authorized by an instrument under seal to make the contract. Such contract is not binding on the agent, because its terms do not purport to bind him.

2. A conveyance to defraud creditors is void as to a creditor who is pursuing legal process to subject the fraudulently aliened land to the satisfaction of his debt, but it is not void, even as against creditors, when collaterally attacked.

3. A son conveyed his land to his mother, a *feme covert*, for the purpose of defrauding his creditors, and afterwards contracted in her name and as her agent to sell the land to a *bona fide* purchaser. After a portion of the purchase money had been paid, the mother attempted to repudiate the contract, and brought an action to recover the possession of the land; *Held*, that she cannot be permitted to hold the land for which she paid nothing, and at the same time disown the authority of the agent who assumed to act for her. She must either surrender the land to him, or abide by his disposition of it. The disability of coverture carries with it no license to practice a fraud.

4. In such case, a Court of Equity looks through the disguises which cover the transaction, and charges the legal estate with a trust, which, while it cannot be enforced by the fraudulent donee, may be by those who, in good faith, deal with him as possessed of authority to make the contract of sale.

(*Sellers* v. *Streator*, 5 Jones, 261; *Fisher* v. *Pender*, 7 Jones, 483; *Holland* v. *Clark*, 67 N. C., 104; *Peebles* v. *Pate*, 90 N. C., 348; *Towles* v. *Fisher*, 77 N. C., 443; *Burns* v. *McGregor*, 90 N. C., 225, cited and approved).

CIVIL ACTION to recover land, tried before *Graves, Judge,* and a jury, at July Special Term, 1885, of the Superior Court of HAYWOOD county.

There was a judgment for the plaintiff, and the defendants appealed.

The facts fully appear in the opinion.

No counsel for the plaintiff.
*Mr. George A. Shuford,* for the defendants.

SMITH, C. J.    The facts ascertained by the jury, in connection with the admissions of the parties, are in substance as follows:

One W. Boyd, whose full name for brevity we omit, a son of the plaintiff, who at the time of the transactions which gave rise to the controversy, was a married woman, being in debt, entered into a covinous agreement with her, in order to place his property beyond the reach of creditors, and to defraud them of their just rights, he was to cause such lands as he might thereafter buy, and particularly the two tracts demanded in the action, to be conveyed to her, and he was to act in her name and as her agent in making both the purchases and dispositions of them. In carrying out the fraudulent arrangement, the tracts described in the complaint, the title to which had been vested in her, were contracted by him to be sold to Linda Messer and her children, eight in number, for the price of $500, to be paid in semi-annual instalments of $50 each, and to this end, he executed a bond for title to them, describing the said Linda as guardian of the others, wherein it is stipulated that the two tracts, or one of them (for there is an apparent repugnancy in the terms of the condition), shall be conveyed to the vendees on payment of the purchase money.   This instrument purports to be the bond of the plaintiff, and concludes in these words:

"Given under our hands and seal, this the 1st day of February, 1877.                    ELIZABETH BOYD, (seal).
H. H. BRADLEY.     done by W. J. G. B. BOYD, Agent."

On this contract, payment in two notes, one of $200, and the other of $155, in the aggregate $355, have been made by said Linda to said agent.

The bond for title with its equities, by successive assignments from all but three of the obligees (and of those assigning, some were under coverture at the time), has been transmitted to the defendant. The several assignees accepted the bond in good faith, and under assurances from the agent that there remained due only $100 of the purchase money, in full confidence of the truth of the representations thus made in answer to their direct inquiries.

The jury, under directions to which exception was taken by the defendant, in response to issues submitted to them, find and declare that the said W. Boyd was not, at the time of the sale, *sole* owner of any beneficial interest in the land, nor has he now any in the result of the suit.

It was conceded that the agency was constituted by parol and without any writing under seal.

The instructions complained of, are in an abbreviated form to this effect: While a conveyance made by a debtor, with intent to avoid payment of his debts, or to defeat the claims of creditors, would be void at the election of the latter, it was only void and inoperative against creditors, but would be effectual to pass the estate as between the parties to the transaction, and no evidence had been offered to show the defendant to be such creditor. In such case, Boyd was not sole owner of a beneficial interest in the premises, when he undertook in the plaintiff's name to make the contract, nor has he now an interest in the fruits of a recovery.

The ruling upon the invalidity of the writing, put in the form of a bond of the plaintiff, is entirely correct. It has no binding force, as a contract, upon either the plaintiff or the agent; not upon her, by reason of the disability of coverture, and this removed, for want of authority under a sealed instrument to enter into the obligation; not upon him, because upon its face the contract purports to be her undertaking, and there are no operative words affecting him. *Sellers* v. *Streator*, 5 Jones, 261; *Fisher* v. *Pender*, 7 Jones, 483; *Holland* v. *Clark*, 67 N. C., 104.

The portion of the charge to which the defendant excepts, pro-

ceeds upon an obvious misconception of the equity set up against the plaintiff's legal right to evict the defendant, and to secure to him affirmative relief.    The doctrine laid down by the Court, is in itself correct, with the addition, that a conveyance infected with fraud, is void as against a *creditor who is pursuing legal process to enforce* his demand and subject the fraudulently aliened property to its satisfaction.    To such process it is no obstruction, and the attempted conveyance is void.

It is, though covinous, as effectual against an inactive creditor, when collaterally drawn in controversy, as against any one else, in transferring title.    But if the principle had any application to the facts of the present case, it would be unavailing to the defendant, since if the deed to the plaintiff was void, and could be so treated, it would leave the title in the grantor, and equally beyond the reach of the defendant in the present action, as if no deed had been made.    Moreover, the rule annuls fraudulent deeds executed by the *debtor*, to place his property where access to it by final process cannot be had, so as to leave it still exposed to the claims of his creditors.    *Peebles* v. *Pate*, 90 N. C., 348, and cases cited.

But this learning is foreign to the present controversy.    The defendants' asserted equity grows out of the fraudulent contrivance by which the agent is to do business, for himself in truth, but in the name of, and as agent for, his mother, and then she undertakes to screen the land from liability for acts done in the sphere of the agency, and while repudiating the contract to sell and convey, made on her behalf, to retain the land as her own. This arrangement cannot be allowed to be consummated and rendered successful, to the manifest wrong and injury of others, nor can coverture be used as a protection for a party engaged in it.

A Court of Equity looks through the disguises which cover the transaction, and deems the legal estate charged with a trust which may be enforced, not by the agent, but by those who, in good faith, deal with him as possessed of authority to make the contract of sale.    It is his property for this purpose, and the

defendant cannot be permitted to hold that for which she paid nothing, and at the same time disown the authority of the agent who assumed to act for her, when both are in the compass of the fraudulent agreement previously entered into between the parties. She must surrender the land to him, or abide by his disposition of it. "It must be borne in mind," say the Court in *Pilcher* v *Smith*, 2 Head. (Tenn.), 208, " that the legal disability of coverture or of infancy, carries with it no license or privilege to practice fraud or deception on other innocent persons, nor will the disability be permitted to protect them in doing so." So remarks RODMAN, J., delivering the opinion of the Court in *Towles* v. *Fisher*, 77 N. C., 443 : " To estop a married woman from alleging a claim to land, there must be some positive act of fraud, or something done upon which a person dealing with her, or in a matter affecting her rights, might *reasonably* rely, and upon which he did rely and was thereby injured." In *Burns* v. *McGregor*, 90 N. C., 225, MERRIMON, J., uses this language : " It would controvene the plainest principles of justice, to allow a married woman to get possession of property under an engagement, not binding upon her, and let her repudiate her contract, and keep the property. If she will not, the creditor may pursue and recover it by proper action in her hands ; " citing numerous cases. See also 1 Story Eq. Jur., §385 ; Kelly Cont. Mar. Wo., ch. 6 §5.

Now the plaintiff becomes the depositary of the title to the land, bought by her son and subject to his disposal in her name as agent, under an express agreement between them to prevent its pursuit by his creditors. She now disowns his agency, refuses to be bound by his contract, made in her name, and yet asserts her right, as owner, to dispossess one who, as assignee, succeeds to the rights of some at least with whom the obligation to make title was entered into, while the agent, who has received the larger part of the purchase money in her name, refuses to restore it, and, by reason of insolvency, cannot be coerced to do so.

Such a fraud cannot be countenanced, and the plaintiff must fulfil the contract of her agent, or restore the land to the rightful owner that the contract may be carried into effect, or the purchase money paid restored. She cannot keep his land and he the money received, and the purchasers made to lose all, and be without remedy against either. In rendering judgment for the plaintiff in the action, and denying relief in any form from the action to recover possession, there is error, and the judgment must be set aside.

The defendant cannot, in the present condition of the cause, obtain the full measure of redress demanded in his counter-claim, for the absence of the vendees, to whose interests he has not succeeded, and who have the same interest with him in the result. His equity is such as to protect him against the present suit, while its enforcement in furnishing affirmative relief requires the presence of other interested parties in the cause.

The cause will therefore be remanded, to the end that application may be made for an amendment admitting new parties, and if this be not done, that judgment may be entered for the defendant, declaring that the plaintiff is not entitled to recover possession of the premises.

Let this be certified.

Error.                                                    Remanded.