F. C. FISHER et als. v. THE CID COPPER MINING COMPANY OF
NORTH CAROLINA.

## *Issues—Deed—Estoppel.*

1. Where issues are raised by the pleadings, it is the duty of the Court to eliminate and submit them to the jury, and when this is not done, this Court will refuse to take cognizance of the cause upon such imperfect record, unless the issues in no wise affect the errors assigned.

2. So, where no issues were eliminated and submitted, but the Court below held that upon the evidence the plaintiff was not entitled to recover, and he took a non-suit and appealed, the failure to submit issues was not material.

3. Where a deed throughout, including the covenants, appears to be the personal deed of the grantor, the word "agent," put after the signature and seal, is surplusage, and affords no evidence that the title was vested in any other than the grantor.

4. An estoppel arising out of the acceptance of a deed, is restricted to the estate which it undertakes to transfer. So, a grantee who claims under a deed which excludes the minerals to be found in the conveyed land from the operation of the deed, is not estopped to deny that his grantor had title to the minerals.

(*Rudasill* v. *Falls,* 92 N. C., 222; *Bowen* v. *Whitaker, Ibid.,* 367; *Christenburg* v. *King,* 85 N. C., 229; *Caldwell* v. *Neely,* 81 N. C., 114; *Ray* v. *Gardner,* 82 N. C., 146; *Spivey* v. *Jones, Ibid.,* 179; *Leach* v. *Jones,* 86 N. C., 404; *Kissam* v. *Gaylord,* 1 Jones, 294; *Worseley* v. *Johnson,* 5 Jones, 72; *Staton* v. *Mullis,* 92 N. C., 623; *Osborn* v. *Anderson,* 89 N. C., 261, cited and approved.)

CIVIL ACTION, tried before *Montgomery, Judge,* and a jury, at Fall Term, 1885, of the Superior Court of DAVIDSON county.

The facts appear in the opinion.

The plaintiffs appealed.

*Mr. F. C. Fisher,* for the plaintiffs.

*Mr. Theo. F. Klutz,* for the defendant.

SMITH, C. J.   The plaintiffs claim to be owners of the minerals and mines found beneath the surface of the tract of land mentioned in their complaint, which mines are being worked by the defendant company, and the minerals removed and converted to its own use.

The action is to recover possession of the property, and damages for the alleged trespasses of the company.

The answer denies any right in the plaintiffs to the said minerals, and asserts title both to them and to the territory in which they are buried.

Thus a distinct issue is raised, which the record does not show was put in form, while the jury were empanelled without such issue, and proceeded to try the controversy as it appeared in the pleadings, in disregard of the statutory mandate, and the reiterated rulings of the Court, that it must be observed. *Rudasill* v. *Falls,* 92 N. C., 222; *Bowen* v. *Whitaker,* Ib. 367.   Unless it is, it may become necessary to refuse to take cognizance of the cause upon such imperfect record.   In the present case, the formal issues do not affect any inquiry into the alleged error upon which the appeal is founded.   The intimation of the Court being that the plaintiffs had failed upon the proofs offered, to show any title to the property in themselves, or cause of action against the defendant, the plaintiffs suffered a non-suit and appealed from the ruling.

The plaintiffs proved that some of them were the heirs-at-law of Charles Fisher, deceased, and then proceeded to read in evidence, to estop the defendant, a deed from the said deceased to one Owen Gallimore—the will of the latter—

a deed from the administrator of Cynthia Gallimore, devisee in said will, to Henry K. Grubb,—a deed from the latter and lease to Daniel Lindsay—a deed from said Lindsay and wife to Edmund L. Levy,—and a deed from Levy and wife to the defendant Company, by which the plaintiffs insist the land has been transmitted to the Company, all of the instruments except that just named, purporting, and in form sufficient, to convey an estate in fee.

The operative clause in the conveyance of said Charles Fisher, deceased, is in these words :

" Hath sold and conveyed, and doth hereby sell and convey, to the party of the second part, (Owen Gallimore), all that tract or parcel of land, lying and being in the county of Davidson and State of North Carolina, bounded" &c., giving the specific boundary lines, " containing 45 acres more or less."

" *The mines of minerals are excepted.* To have and to hold &c. To him the said party of the second part his heirs,. and assigns forever." The deed bears date on May 13th, 1847, while the last to the company, was executed on November 25th, 1882. As the deed from Fisher has following his signature and seal, the suffix " agent No. Ca. G. M. Co.," while throughout, the instrument, including the covenants of seizin and warranty, is the personal act of the grantor, and no intimation of an agency or trust is intimated, we cannot entertain the suggestion that it affords any evidence itself, that the title was vested in any other than the grantor himself.

. The argument here for the appellant, assumes that an acceptance of the conveyance of the land, is a recognition, operating to prevent the defendant from denying title in the deceased to the land conveyed, and equally, title to the property reserved, which is parcel of the land, and this separated from what is conveyed, unless it can show a superior title elsewhere acquired. *Christenburg* v. *King*, 85 N. C., 229; *Caldwell* v. *Neely*, 81 N. C., 114; *Ray* v. *Gardner*, 82 N. C., 146; *Spivey* v. *Jones*, *Ib.*, 179; *Leach* v. *Jones*, 86 N. C., 404.

If the parties claimed the whole land, extended upward and downward, and all contained within its boundaries, or the same estate in the land, the estoppel would be operative, and the party having the superior title from the common source, would prevail. But such is not the case here. The conveyed and reserved parts are not one and the same thing. The grantor may have had himself, only an estate in the land to transfer, while the reserved minerals may have belonged to another. Precisely such were the relations of the succeeding owners, each being capable of passing an estate in the land, and not in the mineral deposits below the surface.

The estoppel is necessarily confined to the subject matter of the conveyance to which conflicting claims are asserted. There is no repugnancy or antagonism in them, and it is entirely consistent, that one party should have title to the mines, and the other to the lands outside of the mines. Hence the titles are traced up to a common, but not the same source. This view is in accord with adjudged cases.

In *Kissam* v. *Gaylord*, 1 Jones, 294, PEARSON, J., as an illustration, puts this case: "If A makes a deed to B for a tract of 1,000 acres of land, and it be admitted that B, under that deed, had acquired a good title to 500 acres, a part thereof, it does not follow that he has a good title to the other part. So if B. (in the case put), makes a deed to C for 500 acress, a part thereof, although there is an estoppel as to the part covered by the deed, there is no ground for an estoppel as to the part not covered by it. It may be he did not include the whole, because he was aware of a defect of title as to a part."

Again, when a deed was made conveying a life estate only, and such life tenant conveyed the fee, it was held that the heirs of the first grantors could only recover the inheritance by showing that the ancestor had a deed purporting to convey the fee, or that he was in possession, claiming such estate. *Worseley* v. *Johnson*, 5 Jones, 72. In *Staton* v. *Mullis*, 92 N. C., 623, at page 628, it is said that "the act of accepting a deed from his

father does not operate as an estoppel even *inter partes, beyond the estate conveyed,* upon the plaintiff, nor is he thereby precluded from denying that any reversionary estate remained in Frederick, for the instrument upon its face does not show that all the estate vested in him was not thereby transmitted to the plaintiff." *Osborne* v. *Anderson,* 89 N. C., 261. These cases rest upon the proposition, that an estoppel arising out of the acceptance of a deed, is restricted to the estate, as well as to the *corpus* which it undertakes to transfer.

The reservation here was necessary, since, if not made, the general words of description would have comprehended both the soil and minerals in it, and the exception may have been inserted, because the property was not in the grantor. We, therefore, concur in the ruling that the plaintiffs had failed to show title in themselves or any of them to the property claimed in the complaint. There is no error, and the judgment of non-suit must be affirmed.

No error. Affirmed.